## JOINDER

THIS JOINDER AGREEMENT, by and between WESCOR FARMING, LLC, a Virginia limited liability company ("New Party"), JOSEPH RANDALL ELLER, an unmarried person who is not part of a civil union or domestic partnership ("Party") and RABO AGRIFINANCE LLC, a Delaware limited liability company ("Lender") is dated as of May 14, 2020 (this "Joinder Agreement"), to the Master Credit Agreement dated as of June 3, 2019 (as may be amended, modified, replaces or supplemented, referred to herein as the "MCA"). Capitalized terms used herein and not defined herein shall have the meanings assigned to such terms in the MCA or Schedule of Definitions and Covenants.

The undersigned are executing this Joinder Agreement pursuant to terms of the MCA.

1.01    **Joinder**. New Party by its signature below joins in, assumes and agrees, jointly and severally, to become a party to and be bound in all respects by all of the terms and conditions of the MCA and the Schedule of Definitions and Covenants as if an original Party thereto and any Loan Documents related thereto (including without limitation any Note existing prior to the date hereof in connection with any Facility Sheet) that Party may enter as Borrower, Guarantor, Grantor, Pledgor, or otherwise on or after the date of this Joinder. Where New Party enters any such Facility Sheet as Borrower, New Party agrees to pay the Loan evidenced thereby and to be bound by and to perform all of the covenants and obligations of any other Transaction Documents executed by New Party in connection therewith at the time and in the same manner provided therein. New Party agrees that New Party has received and reviewed the MCA and Schedule of Definitions and Covenants. New Party hereby authorizes Lender, without obtaining the signature of New Party, to file financing statements or amendments to existing financing statements in order to perfect the lien, if any, granted by New Party under the Collateral Documents.

1.02    **Representations**. New Party makes the following Party Representations and represents to Lender that:

(a) **Good Standing**. If Wescor Farming, LLC is anything other than an individual, Wescor Farming, LLC was duly formed, is validly existing and in good standing in its state of organization and each state in which it conducts its business;

(b) **Due Power and Authority**. The execution, delivery and performance by New Party of each Transaction Document to which it is a New Party, is within the powers and authority of New Party and has been duly authorized;

(c) **No Conflict with Applicable Law**. To New Party's knowledge, the Transaction Documents do not conflict with any Applicable Law;

(d) **Enforceability**. Each Transaction Document is a legal, valid and binding obligation of New Party, enforceable against New Party in accordance with its terms, and any Transaction Document, instrument or agreement required thereunder, when executed and delivered to Lender, will be similarly legal, valid, binding and enforceable;

(e) **Financial Information**. All Financial Information delivered to Lender in connection with New Party's application for a Loan, Lenders underwriting and approval of the Loan, or this Joinder Agreement and the other Loan Documents, are accurate, correct and sufficiently complete in all material respects to provide Lender true and accurate knowledge of their subject matter, including, without limitation, all material contingent liabilities;

(f) **Utilities**. All Utilities necessary and appropriate for the conduct of the business of New Party are available or New Party has taken all steps necessary to assure that all utility services so required will be available upon commencement of the business of New Party;

(g) **Roads**. All Roads necessary for the completion, occupancy and operation of New Party's business have either been completed or the necessary easements or rights-of-way therefor have been acquired or dedicated to public use, and all necessary steps have been taken by New Party to ensure their completion no later than the date they will be needed for operation of New Party's business or any earlier date required by any Governmental Authority or Applicable Law;

(h) **Permits**. All Permits have been obtained, or, to the extent not obtained, no information or fact exists that would reasonably cause New Party to believe that all permits, licenses and approvals required to construct, occupy, and operate New Party's business will not be readily obtainable prior to the commencement of New Party's applicable business;

(i) **No Material Adverse Effect**. There has been no Material Adverse Effect as to New Party since the effective date of the Financial Information provided to Lender;

(j) **No Judgment**. New Party is not the subject of any Judgment; and there is no lawsuit, tax claim or other dispute pending or to New Party's knowledge threatened against New Party that, if determined adverse to New Party, is reasonably likely to have a Material Adverse Effect;

(k) **No Conflicts**. The Transaction Documents do not conflict with, nor is New Party in default under any agreement or arrangement in effect providing for or relating to extensions of credit in respect of which New Party is in any manner directly or contingently obligated;

(l) **Tax Returns**. New Party has filed all tax returns (federal, state, and local) required to be filed by New Party and has paid all taxes, assessments, and governmental charges and levies thereon, including interest and penalties;

(m) **Applicable Laws Compliance**. New Party is in compliance with all Applicable Laws (including all Environmental Laws), and there is no claim, action, proceeding or investigation pending or to New Party's knowledge threatened against New Party with respect to a violation of Applicable Law by New Party;

(n) **Non-Foreign Person**. New Party is not a foreign person within the meaning of Section 1445 of the Internal Revenue Code of 1986; and

(o) **No Event of Default**. There is no Event of Default or event which, with notice or lapse of time would be an Event of Default.

1.03    **Information Accurate and Complete**. New Party's submission of any report, record or other information pertaining to the condition or operations, financial or otherwise, of New Party, from time to time, whether or not required under this Joinder Agreement, will be deemed accompanied by a representation by New Party that the report, record or information is complete and accurate in all material respects as to the condition or operations of New Party (and, if applicable, New Party's Subsidiaries, Affiliates, partners, shareholders, members, or other principals), including, without limitation, all material contingent liabilities.

1.04 **Necessary Action.** Lender is authorized to execute any other documents or take any other actions necessary to effectuate this Joinder Agreement and the consummation of the transactions contemplated in the MCA. New Party agrees it shall undertake any additional action requested by Lender for any of the following purposes: (i) to effectuate this Joinder; (ii) to demonstrate New Party has the necessary authority and ability to enter in to this Joinder; and (iii) to meet all other requirements, terms and conditions of the MCA and Loan Documents.

1.05 **Governing Law.** The validity, enforcement and interpretation of this Joinder will be governed exclusively by the Applicable Laws of the Governing Law State as defined in the MCA, without regard or reference to its conflict of laws principles, except that at all times the provisions for the creation, perfection and enforcement of the Liens and security interests in Real Estate created pursuant to any Loan Document shall be governed by and construed according to the laws of the state in which the Real Estate is located, without regard or reference to its conflict of laws principles. New Party understands that the laws of the Governing Law State may differ from the laws of the State where New Party resides or otherwise is located or where the Collateral is located. New Party understands, agrees and acknowledges that (a) this Joinder evidenced hereby have significant and substantial contacts with the Governing Law state, (b) it is convenient to New Party and Lender to select the law of the Governing Law State to govern this Joinder, (c) the transactions evidenced by this Joinder bear a reasonable connection to the laws of the Governing Law State, (d) the choice of the internal laws of the Governing Law State was made for good and valid reasons.

1.06 **Counterpart Execution and Signatures.** All Loan Documents may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which, when taken together, shall be deemed to be one and the same agreement or document. An original signed counterpart of this Joinder Agreement in the form of paper with a signature in ink transmitted by facsimile, email or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original executed copy of this Joinder Agreement for all purposes; subject to the obligation, that Borrower shall within twenty (20) days of delivery of the copy, deliver an original signed copy of this Joinder Agreement to Lender. Failure to deliver the original in accordance with this paragraph shall be a Non-Monetary Default After Notice.

IN WITNESS WHEREOF, the Parties have signed and delivered this Joinder as of the date first above written.

**NEW PARTY**

Address for Notices:
407 Lumber Lane
Independence, VA 24348

**WESCOR FARMING, LLC**, a Virginia limited liability company

By: _____
JOSEPH RANDALL ELLER
Sole Member

**PARTIES**

Address for Notices:
192 Summer St
Jefferson, NC 28640

_____
JOSEPH RANDALL ELLER