Complaint Exhibit 16

**Prepared Outside the Commonwealth of**
**Virginia by or under the supervision of**
**Jeffrey L. Tarkenton, Virginia State Bar # 20631**

<u>**RECORDING REQUESTED BY**</u>
<u>**AND WHEN RECORDED MAIL TO:**</u>
RABO AGRIFINANCE LLC
14767 N. Outer 40 Rd., Suite 400
Chesterfield, MO 63017
Attn: Loan Operations

Tax Map No.: 111-A-31

<u>**NOTE**</u>: THIS DOCUMENT IS EXEMPT FROM RECORDATION TAXES PURSUANT TO
SECTION 58.1-809 OF THE CODE OF VIRGINIA OF 1950, AS AMENDED.

**SUPPLEMENTAL DEED OF TRUST**
(Additional Security)

This SUPPLEMENTAL DEED OF TRUST, made this 14ᵗʰ day of March,
2024, by and between **JOSEPH RANDALL ELLER**, an unmarried citizen and resident of
Jefferson, Ashe County, North Carolina, and **ELK CREEK LAND HOLDINGS, LLC**, a
Virginia limited liability company (collectively, the "**Grantor**"), to and in favor of **JEFFREY L.
TARKENTON**, an individual, as trustee ("**Trustee**"), whose address for purposes of this Deed
of Trust is 8350 Broad Street, Suite 1500, Tysons, Virginia 22102, for the benefit of **RABO
AGRIFINANCE LLC**, a Delaware limited liability company, as agent for itself and the other
Secured Parties under the Collateral Agency Agreement *(Secured Parties and Collateral Agency
Agreement defined in the Deed of Trust defined below)*; and **Rabo AgriFinance LLC**, in that
capacity ("**Beneficiary**" and, "**Grantee**" for indexing purposes) recites and provides:

RECITALS:

By Credit Line Deed of Trust, Assignment of Rents and Security Agreement recorded in
the Clerk's Office of the Circuit Court of Grayson County, Virginia, as Instrument No.
240000216, and also recorded in the Clerk's Offices of the Circuit Courts of Carroll County,
Virginia, in Deed Book 1231, page 924, Patrick County, Virginia, as Instrument No. 240000199,
Smyth County, Virginia, in Deed Book 1110, page 537, and in Floyd County, Virginia, as
Instrument No. 240000227 (collectively, the "Deed of Trust"), Joseph Randall Eller, an
unmarried citizen and resident of Jefferson, Ashe County, North Carolina, Grayson Farm &
Leasing, Inc., a Virginia corporation, Mountain Top Holding of Virginia/North Carolina, L.L.C.,
a Virginia limited liability company, DD&R Land Holdings, LLC, a Virginia limited liability
company, NDRD Land Holdings, LLC, a Virginia limited liability company, D&R Land
Holdings, LLC, a Virginia limited liability company, Timber & Logging, LLC, a North Carolina
limited liability company, Wescor Farm Operations, LLC, f/k/a Wescor Farming, LLC, a
Virginia limited liability company, and Elk Creek Land Holdings, LLC, a Virginia limited

1

liability company, as Grantors, conveyed to Trustee, real estate more particularly described in the Deed of Trust to secure Beneficiary the payment of the principal amount of $4,500,000.00, a copy of the Deed of Trust is attached hereto as Exhibit "B" for informational purposes.

Beneficiary has requested and Grantor has agreed to grant and convey unto Trustee, as ADDITIONAL SECURITY under the Deed of Trust (and in addition to the real estate conveyed by the Deed of Trust, as may be amended and supplemented from time to time), the real estate more particularly described below. The parties now desire to amend and supplement the Deed of Trust as follows:

### AGREEMENT

NOW, THEREFORE, in consideration of the sum of $1.00, and other consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor hereby grants and conveys unto the Trustee, with General Warranty and English Covenants of Title, the following described real estate, together with all improvements thereon and appurtenances thereunto belonging, situated in Washington County, Virginia, and more particularly described as follows, to-wit:

SEE EXHIBIT "A" ATTACHED HERETO
AND MADE A PART HEREOF.

IN TRUST AND AS ADDITIONAL SECURITY to secure to Beneficiary the payment of the indebtedness described in the Deed of Trust. This instrument is exempt from tax pursuant to the provisions of Section 58.1-809 of the Code of Virginia.

All the other provisions of the Deed of Trust not changed by this Supplemental Deed of Trust are hereby ratified and confirmed and shall remain in full force and effect.

*(Signature Pages to Follow)*

2

4883-6584-3880, v. 2

Grantor is signing this Deed of Trust effective as of the day and year first written above.

GRANTORS:

Address for Notices:
192 Summer Street
Jefferson, NC 28640

_____ [SEAL]
JOSEPH RANDALL ELLER, an individual

COMMONWEALTH OF VIRGINIA )
                                          ) SS
COUNTY OF _Grayson_____ )

    I, the undersigned Notary Public of the County and State aforesaid, certify that JOSEPH RANDALL ELLER personally appeared before me this day and signed the foregoing instrument.

    Witness my hand and Notarial stamp or seal, this _14th_ day of _March_____, 2024.

_____
(official signature of Notary)

_Sandra Chandler Blevins_____, Notary Public
(Notary's printed or typed name)

(Official Seal)

My commission expires: _4/30/25_____

3

ELK CREEK LAND HOLDINGS, LLC, a North
Carolina limited liability company    [SEAL]

<u>Address for Notices:</u>
604 W. Main Street
Independence, VA 24348-4426

By: _____
Joseph Randall Eller, Manager

COMMONWEALTH OF VIRGINIA    )
                                            ) SS
COUNTY OF _Grayson_____    )

    I, the undersigned Notary Public of the County and State aforesaid, certify that JOSEPH
RANDALL ELLER personally appeared before me this day and acknowledged that he is the
Manager of ELK CREEK LAND HOLDINGS, LLC, a North Carolina limited liability company,
and that by authority duly given and as an act of such entity, he signed the foregoing instrument
in its name on its behalf as its act and deed.

    Witness my hand and Notarial stamp or seal, this 14th day of March, 2024.

_____
(official signature of Notary)

Sandra Chandler Blevins, Notary Public
(Notary's printed or typed name)

(Official Seal)

My commission expires: 4|30|25

4

EXHIBIT "A"
Legal Description

Situated in Washington County, Virginia:

All that certain lot or parcel of land lying and being in WASHINGTON County, Virginia and more particularly described as follows, to-wit:

| M.DISTRICT | ACRES | TAX MAP# | INSTRUMENT # |
|---|---|---|---|
| TYLER | 74.1 | 111-A-31 | 030044898 |

(For further reference see Instrument No. 080005745)

Designated as 74.10 acres, as shown on a plat of survey by Gale W. Maiden, Land Surveyor, dated April 9, 2002, entitled, "Plat Showing the Property of B. Frank Bauman & Dixie Briggs Bauman, " attached hereto and made a part hereof, and to which reference is made for a more particular description of the property herein conveyed.

There is also conveyed, as appurtenant to the land above described, all the right, title and interest of the first parties in and to the right of ingress and egress to said lands from State Highway 14 by a ford across the South Fork of the Holston River and their rights with reference to a swinging bridge across said River where same was located during the lifetime of S. R. & Bettie C. Thomas.

Included in this conveyance is all the Grantors right, title and interest in and to that right of way over the existing soil road for access to and from State Route 733, as shown on the plat attached hereto and referenced above.

This is the same property conveyed to B. Frank Bauman and Dixie Briggs Bauman, husband and wife, by deed of Dewey Burnice Widener and Nellie Beatrice Thomas Widener, husband and wife, dated February 25, 1969, and recorded in the Clerk's office of the Circuit Court of Washington County, Virginia, in Deed Book 443, Page 542.

This conveyance is made subject to easements, conditions and restrictions of record insofar as they may lawfully affect the Property.

5

240001082.006

EXHIBIT "B"
DEED OF TRUST

Credit Line Deed of Trust, Assignment of Rents and Security Agreement recorded in the Clerk's
Office of the Circuit Court of Grayson County, Virginia, as Instrument No. 240000216, and also
recorded in the Clerk's Offices of the Circuit Courts of Carroll County, Virginia, in Deed Book
1231, page 924, Patrick County, Virginia, as Instrument No. 240000199, Smyth County,
Virginia, in Deed Book 1110, page 537, and in Floyd County, Virginia, as Instrument No.
240000227.

4883-6584-3880, v. 2

COURT ADDRESS:
P. O. BOX 218
HILLSVILLE, VA 24343
PHONE # :276-730-3070



**OFFICIAL RECEIPT**
**CARROLL COUNTY CIRCUIT COURT**
**DEED RECEIPT**

| | | |
|---|---|---|
| DATE : 02/09/2024 | TIME : 11:49:36 | CASE # : 035CLR240000406 |
| RECEIPT # : 24000001255 | TRANSACTION # : 24020900022 | |
| CASHIER : SRG | REGISTER # : C956 | FILING TYPE : DTCL | PAYMENT : FULL PAYMENT |
| INSTRUMENT : 240000406 | BOOK : 1231 | PAGE : 924 | RECORDED : 02/09/2024 | AT : 11:49 |
| GRANTOR : ELLER, JOSEPH RANDALL | | EX : N | LOC : CO |
| GRANTEE : TARKENTON, JEFFREY L; TR | | EX : N | PCT : 12% |
| RECEIVED OF : WOODS ROGERS VANDEVENTER BLACK | | |
| ADDRESS : 8350 BROAD STREET TYSONS, VA 22102 | | |
| DATE OF DEED : 01/30/2024 | | |
| CHECK : $530.00 | CHECK NUMBER : 48185 | |
| DESCRIPTION 1 : PINE CREEK DISTRICT | | PAGES : 033 | OP : 0 |
| NAMES : 0 | | |
| CONSIDERATION : $4,500,000.00 | A/VAL : $0.00 | PIN OR MAP : 106-A-20 |

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 035 | VIRGINIA OUTDOOR FOUNDATION | $3.00 | 213 | COUNTY GRANTEE TAX | $450.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 | 301 | CLERK RECORDING/INDEXING FEE | $48.50 |
| 145 | VSLF | $3.50 | 442 | TRANSFERS TO 113/315 | $20.00 |

TENDERED : $ 530.00

AMOUNT PAID : $ 530.00

**COURT ADDRESS:**
P.O. BOX 148
STUART, VA 24171
PHONE # :276-694-7213



**OFFICIAL RECEIPT**
**PATRICK COUNTY CIRCUIT COURT**
**DEED RECEIPT**

| | | |
|---|---|---|
| **DATE :** 02/09/2024 | **TIME :** 13:45:38 | **CASE # :** 141CLR240000199 |
| **RECEIPT # :** 24000000767 | **TRANSACTION # :** 24020900020 | |
| **CASHIER :** MGC | **REGISTER # :** E901 | **FILING TYPE :** DOT | **PAYMENT :** FULL PAYMENT |
| **INSTRUMENT :** 240000199 | **BOOK :** | **PAGE :** | **RECORDED :** 02/09/2024 | **AT :** 13:44 |

**GRANTOR :** ELLER, JOSEPH RANDALL     **EX :** N     **LOC :** CO

**GRANTEE :** TARKENTON, JEFFREY L; TR     **EX :** N     **PCT :** 36%

**RECEIVED OF :** WOODS ROGERS VANDEVENTER BLACK PLC

**ADDRESS :** 8350 BROAD STREET MC LEAN, VA 22102

**DATE OF DEED :** 01/30/2024

**CHECK :** $1,430.00     **CHECK NUMBER :** 48186

**DESCRIPTION 1 :** TRACTS        **PAGES :** 030     **OP :** 0

**NAMES :** 0

**CONSIDERATION :** $4,500,000.00     **A/VAL :** $0.00        **PIN OR MAP :**

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 035 | VIRGINIA OUTDOOR FOUNDATION | $3.00 | 213 | COUNTY GRANTEE TAX | $1,350.00 |
| 036 | DEED PROCESSING FEE | $20.00 | 301 | CLERK RECORDING/INDEXING FEE | $28.50 |
| 106 | TECHNOLOGY TRST FND | $5.00 | 442 | TRANSFERS TO 113/315 | $20.00 |
| 145 | VSLF | $3.50 | | | |

**TENDERED : $** 1,430.00

**AMOUNT PAID : $** 1,430.00



**OFFICIAL RECEIPT**
**GRAYSON CIRCUIT COURT**
**DEED RECEIPT**

**DATE :** 02/09/2024  **TIME :** 10:38:04  **CASE # :** 077CLR240000216

**RECEIPT # :** 24000000644  **TRANSACTION # :** 24020900005

**CASHIER :** MLW  **REGISTER # :** I334  **FILING TYPE :** DTCL  **PAYMENT :** FULL PAYMENT

**INSTRUMENT :** 240000216  **BOOK :**  **PAGE :**  **RECORDED :** 02/09/2024  **AT :** 10:37

**GRANTOR :** ELLER, JOSEPH RANDALL  **EX :** N  **LOC :** CO

**GRANTEE :** TARKENTON, JEFFREY L; TR  **EX :** N  **PCT :** 28%

**RECEIVED OF :** WOODS ROGERS VANDERVENTER BLACK PLC

**ADDRESS :** 8350 BROAD STREET TYSONS, VA 22102

**CHECK :** $1,110.00  **CHECK NUMBER :** 48183

**DESCRIPTION 1 :** TRACT GRAYSON COUNTY  **PAGES :** 029  **OP :** 0

**NAMES :** 0

**CONSIDERATION :** $4,500,000.00  **A/VAL :** $0.00  **PIN OR MAP :** 73A-4-5-6

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 035 | VIRGINIA OUTDOOR FOUNDATION | $3.00 | 213 | COUNTY GRANTEE TAX | $1,050.00 |
| 036 | DEED PROCESSING FEE | $20.00 | 301 | CLERK RECORDING/INDEXING FEE | $28.50 |
| 106 | TECHNOLOGY TRST FND | $5.00 | | | |
| 145 | VSLF | $3.50 | | | |

**TENDERED : $** 1,110.00

**AMOUNT PAID : $** 1,110.00

COURT ADDRESS:
109 WEST MAIN STREET SUITE 1081
MARION, VA 24354
PHONE # :276-782-4044



**OFFICIAL RECEIPT**
**SMYTH CIRCUIT COURT**
**DEED RECEIPT**

DATE : 02/09/2024     TIME : 09:08:32     CASE # : 173CLR240000221

RECEIPT # : 24000000823     TRANSACTION # : 24020900003

CASHIER : ALB     REGISTER # : H817     FILING TYPE : DTCL     PAYMENT : FULL PAYMENT

INSTRUMENT : 240000221     BOOK : 1110     PAGE : 537     RECORDED : 02/09/2024     AT : 09:07

GRANTOR : ELLER, JOSEPH RANDALL     EX : N     LOC : CO

GRANTEE : GRAYSON FARM & LEASING INC     EX : N     PCT : 12%

RECEIVED OF : WOODS ROGERS VANDEVENTER BLACK

ADDRESS :

DATE OF DEED : 01/30/2024

CHECK : $11,760.00     CHECK NUMBER : 48181

DESCRIPTION 1 : TR PARK DIST     PAGES : 029     OP : 0

NAMES : 0

CONSIDERATION : $4,500,000.00     A/VAL : $0.00     PIN OR MAP : 33-A-9;33-A-4A

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 035 | VIRGINIA OUTDOOR FOUNDATION | $3.00 | 145 | VSLF | $3.50 |
| 036 | DEED PROCESSING FEE | $20.00 | 213 | COUNTY GRANTEE TAX | $450.00 |
| 039 | STATE GRANTEE TAX | $11,250.00 | 301 | CLERK RECORDING/INDEXING FEE | $28.50 |
| 106 | TECHNOLOGY TRST FND | $5.00 | | | |

TENDERED : $     11,760.00

AMOUNT PAID : $     11,760.00

COURT ADDRESS:
100 EAST MAIN STREET, ROOM 200
FLOYD, VA 24091
PHONE # :540-745-9330



**OFFICIAL RECEIPT**
**FLOYD CIRCUIT COURT**
**DEED RECEIPT**

| | |
|---|---|
| **DATE :** 02/09/2024 | **TIME :** 15:13:14 |
| **RECEIPT # :** 24000000527 | **TRANSACTION # :** 24020900014 |
| **CASHIER :** JPM | **REGISTER # :** H650 |
| **INSTRUMENT :** 240000227 | **BOOK :** **PAGE :** |

**CASE # :** 063CLR240000227

| | |
|---|---|
| **FILING TYPE :** DTCL | **PAYMENT :** FULL PAYMENT |
| **RECORDED :** 02/09/2024 | **AT :** 15:09 |
| **EX :** N | **LOC :** CO |
| **EX :** N | **PCT :** 12% |

**GRANTOR :** ELLER, JOSEPH RANDALL
**GRANTEE :** RABO AGRIFINANCE LLC
**RECEIVED OF :** WOODS ROGERS VANDEVENTER BLACK PLC
**ADDRESS :**
**DATE OF DEED :** 01/30/2024
**CHECK :** $510.00    **CHECK NUMBER :** 48187
**PAGES :** 030    **OP :** 0
**NAMES :** 0
**CONSIDERATION :** $4,500,000.00    **A/VAL :** $0.00

**PIN OR MAP :** 79-95

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 035 | VIRGINIA OUTDOOR FOUNDATION | $3.00 | 213 | COUNTY GRANTEE TAX | $450.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 | 301 | CLERK RECORDING/INDEXING FEE | $28.50 |
| 145 | VSLF | $3.50 | 442 | TRANSFERS TO 113/315 | $20.00 |

**TENDERED : $** 510.00

**AMOUNT PAID : $** 510.00

240001082.012

# VIRGINIA LAND RECORD COVER SHEET
Commonwealth of Virginia    VA CODE §§ 17.1-223, 227.1, -249

BK 1 2 3 1 PG 0 9 5 3

FORM A – COVER SHEET CONTENT

Instrument Date: 1/30/2024

Instrument Type: DTCL

Number of Parcels: 4    Number of Pages: 29

[ ] City [X] County    CARROLL COUNTY COURT

CIRCUIT COURT

Tax Exempt?    VIRGINIA/FEDERAL CODE SECTION

[ ] Grantor:

[ ] Grantee:

Business/Name                                    (Area Above Reserved For Deed Stamp Only)

| 1 | | Grantor: | ELLER, JOSEPH RANDALL |
| 2 | X | Grantor: | GRAYSON FARM & LEASING, INC. |
| 1 | | Grantee: | TARKENTON, JEFFREY L. TR |
| 2 | X | Grantee: | RABO AGRIFINANCE LLC |

Grantee Address

Name: JEFFREY L. TARKENTON TR

Address: 8350 BROAD STREET,    SUITE 1500

City: TYSONS    State: VA    Zip Code: 22102

Consideration: $4,500,000.00    Existing Debt: $0.00    Actual Value/Assumed: $0.00

*PRIOR INSTRUMENT UNDER § 58.1-803(D):*

Original Principal: $0.00    Fair Market Value increase $0.00

Original Book No:    Original Page No:    Original Instrument No:

Prior Recording At: [ ] City [X] County    CARROLL    Percentage In This Jurisdiction: 12%

Book Number:    Page Number:    Instrument Number: 230003722

Parcel Identification Number/Tax Map Number: 106-A-20

Short Property Description: 25.1756 AC +/- MTN
                            MEADOWS DAIRY

Current Property Address: TERRYS MILL RD &

City: MEADOWS OF DAN    State: VA    Zip Code: 24120

Instrument Prepared By: JEFFREY L. TARKENTON ESQ.    Recording Paid By: WOODS ROGERS VANDEVENTER BLACK

Recording Returned To: MICHAEL HASTINGS ESQ.

Address: WOODS ROGERS VANDEVENTER BLACK,    10 S. JEFFERSON STREET, SUITE

City: ROANOKE    State: VA    Zip Code: 24011

240001082.013

BK 1 2 3 1 PG 0 9 5 4

# VIRGINIA LAND RECORD COVER SHEET
Commonwealth of Virginia   VA. CODE §§ 17.1-223, -227.1, -249

## FORM B – ADDITIONAL GRANTORS/GRANTEES

Instrument Date: __1/30/2024__

Instrument Type: __DTCL__

Number of Parcels: __4__   Number of Pages: __29__

[ ] City [X] County   __CARROLL COUNTY COURT__
CIRCUIT COURT

*(Area Above Reserved For Deed Stamp Only)*

### Grantor Business/Name

| | | | |
|---|---|---|---|
| 3 | X | Grantor | MOUNTAIN TOP HOLDING OF VIRGINIA/NORTH CAROLINA, L.L.C. |
| 4 | X | Grantor | DD&R LAND HOLDINGS, LLC |
| 5 | X | Grantor | NDRD LAND HOLDINGS, LLC |
| 6 | X | Grantor | D&R LAND HOLDINGS, LLC |
| 7 | X | Grantor | TIMBER & LOGGING, LLC |
| 8 | X | Grantor | WESCOR FARM OPERATIONS, LLC |
| 9 | X | Grantor | WESCOR FARMING, LLC (F/K/A) |
| 10 | X | Grantor | ELK CREEK LAND HOLDINGS, LLC |

### Grantee Business/Name

Grantee:
Grantee:
Grantee:
Grantee:
Grantee:
Grantee:
Grantee:
Grantee:



FORM CC-1570 (MASTER, PAGE _TWO_ OF _FOUR_ ) 10/14
© Copyright 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

Cover Sheet B

240001082.014

BK 1 2 3 1 PG 0 9 5 5

# VIRGINIA LAND RECORD COVER SHEET
Commonwealth of Virginia    VA CODE §§ 17.1-223, -227.1, -249

## FORM C – ADDITIONAL PARCELS

Instrument Date: ........... 1/30/2024 ..............

Instrument Type: ................ DTCL ..........

Number of Parcels: ...4....    Number of Pages: ...29.....

[ ] City [X] County .......CARROLL COUNTY COURT.......
                              CIRCUIT COURT

Parcels Identification/Tax Map

Prior Recording At:

[ ] City [X] County .CARROLL..............

Percentage In This Jurisdiction: ...12%.....

Book Number: ...............    Page Number: .................

*(Area Above Reserved For Deed Stamp Only)*

Instrument Number: 230001722

Parcel Identification Number (PIN)/Tax Map Number: ..18-A-84....

Short Property Description: ..7 AC +/-...........

.........................................................................................

Current Property Address: ..8492 POPLAR CAMP RD.....

City: .AUSTINVILLE....................    State: ...VA...    Zip Code: .24312...............

Prior Recording At:

[ ] City [X] County .CARROLL..............    Percentage In This Jurisdiction: ..12%...

Book Number: .399.............    Page Number: ..446..........    Instrument Number: .....................

Parcel Identification Number/Tax Map Number: ..49-A-139....

Short Property Description: ..19.439 AC +/-......

.........................................................................................

Current Property Address: ..COULSON CHURCH RD.......

City: .WOODLAWN..................    State: ....VA....    Zip Code: .24381............

240001082.015

BK 1231 PG 0956

# VIRGINIA LAND RECORD COVER SHEET
Commonwealth of Virginia    VA. CODE §§ 17.1-223, -227.1, -249

FORM C -- ADDITIONAL PARCELS

Instrument Date: _____ 1/30/2024

Instrument Type: _____ DPCL

Number of Parcels: __4__    Number of Pages: __29__

[ ] City [X] County _____ CARROLL COUNTY COURT _____
                                    CIRCUIT COURT

Parcels Identification/Tax Map

Prior Recording At:

[ ] City [X] County _CARROLL_____

Percentage In This Jurisdiction: ___12%___

Book Number: _____    Page Number: _____

Instrument Number: 230001722 _____

Parcel Identification Number (PIN)/Tax Map Number: _18-A-78_____

Short Property Description: _18 AC +/-_____

_____

Current Property Address: _POPLAR CAMP RD_____

City: _AUSTINVILLE_____    State: __VA__    Zip Code: _24312_____

Prior Recording At:

[ ] City [ ] County _____    Percentage In This Jurisdiction: _____

Book Number: _____    Page Number: _____    Instrument Number: _____

Parcel Identification Number/Tax Map Number: _____

Short Property Description: _____

_____

Current Property Address: _____

City: _____    State: _____    Zip Code: _____

*(Area Above Reserved For Deed Stamp Only)*

240001082.016

Ϲ0691ΗϽϽϹϽϽϽϽ0532

BOOK I I I 0 PAGE 0537

0 ·ι0216

24 0000227

PREPARED OUTSIDE THE COMMONWEALTH OF VIRGINIA

Prepared by or under the supervision of Jeffrey L. Tarkenton, Virginia State Bar # 20631

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

RABO AGRIFINANCE LLC
14767 N. Outer 40 Rd., Suite 400
Chesterfield, MO 63017
Attn: Loan Operations

BK 1231 PG 0924

Del to: Deanna Smith
2/9/24

RECEIVED
CIRCUIT COURT CLERK
SMYTH COUNTY VIRGINIA

Tax Map Nos.

Patrick Co.: 4214-52-A; 4214-52-B; 4214-52-C; 4214-52-D; 4214-53-A; 4214-53-B; 4214-53-C;

Floyd Co.: 79-95; 79-97; 79-96

Grayson Co.: 73A-4-5-6; 73A4-5-3; 75-A-2; 75-A-2A; 30-A-18A; 30-A-18E; 38-A-38B; 73A2-2-2, 3; 73A4-A-1A;

Carroll Co.: 106-A-20; 18-A-84; 18-A-78; 49-A-139;

Smyth Co.: 33-A-9; 33-A-4A; 11-A-36;           00406

Eller MCA 2024

Operating Line of Credit: 22117154
Inputs Agreement: 748526-11003
Inputs Agreement: 748526-12001

NOTICES PERMITTED OR REQUIRED
UNDER VIRGINIA CODE §55.1-318,
MAY BE SENT OR DELIVERED TO:
RABO AGRIFINANCE LLC
14767 N. Outer 40 Rd., Suite 400
Chesterfield, MO 63017
Attn: Loan Operations

**NOTICE TO CLERKS:** This Credit Line Deed of Trust ("this Deed of Trust") is a "multiple jurisdiction" deed of trust securing properties located in Patrick, Floyd, Grayson, Carroll, and Smyth Counties, Virginia. This Deed of Trust is given to secure an aggregate amount of $4,500,000 of indebtedness, which indebtedness is allocated as follows: 36% to the Patrick County property, 12% to the Floyd County property, 28% to the Grayson County property, 12% to the Carroll County property, and 12% to the Smyth County property. This Deed of Trust is being presented first to the Clerk of the Circuit Court of Smyth County, Virginia. Pursuant to Section 58.1-812(B), state recordation tax is being collected in full by said Circuit Court Clerk.

<u>CREDIT LINE DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT</u>

THIS IS A CREDIT LINE DEED OF TRUST
Maximum aggregate amount of principal to be secured
hereby at any one time $4,500,000.00
(Floyd, Patrick, Smyth, Grayson and Carroll Counties, Virginia)

THIS DEED OF TRUST ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC.

This deed of trust ("Deed of Trust") is dated as of January 30, 2024. It is by <u>Joseph Randall Eller</u>, an unmarried citizen and resident of Jefferson, Ashe County, North Carolina, <u>Grayson Farm & Leasing, Inc.</u>, a Virginia corporation, <u>Mountain Top Holding of Virginia/North Carolina, L.L.C.</u>, a Virginia limited liability company, <u>DD&R Land Holdings, LLC</u>, a Virginia limited liability company, <u>NDRD Land Holdings, LLC</u>, a Virginia limited liability company, <u>D&R Land Holdings, LLC</u>, a Virginia limited liability company, <u>Timber & Logging, LLC</u>, a North Carolina limited liability company, <u>Wescor Farm Operations, LLC</u>, f/k/a

Wescor Farming, LLC, a Virginia limited liability company, and Elk Creek Land Holdings, LLC, a Virginia limited liability company (collectively, the "Grantor"), to and in favor of JEFFREY L. TARKENTON, an individual, as trustee ("Trustee"), whose address for purposes of this Deed of Trust is 8350 Broad Street, Suite 1500, Tysons, Virginia 22102, for the benefit of RABO AGRIFINANCE LLC, a Delaware limited liability company, as agent for itself and the other Secured Parties (defined herein) under the Collateral Agency Agreement (defined herein); and Rabo AgriFinance LLC, in that capacity, "Beneficiary" and a grantee for indexing purposes).

RABO AGRIFINANCE LLC, a Delaware limited liability company, as Lender ("Lender") has provided credit in the original principal sum of $13,500,000.00 to Borrower (as defined in the Facility Sheet(s)) under the terms and conditions of the Master Credit Agreement between Borrower and Lender dated June 3, 2019, and Joinder dated May 14, 2020, as may be amended, modified, replaced, or supplemented from time to time (the "MCA") and, under an Application and Account Agreement dated February 27, 2020 to provide credit for the purpose of crop inputs in the original maximum amount of $350,000 (the "Application"), and under the Forbearance Agreement dated of even date herewith (the "Forbearance Agreement", and the MCA and Application are collectively referred as the "MCA"). Each capitalized term used in this Deed of Trust that is defined in the MCA not defined in this Deed of Trust will have the meaning specified in the MCA. This Deed of Trust will be interpreted in accordance with the Drafting Conventions as contained in the MCA.

Grantor has or may also enter into certain derivatives transactions under Hedging Agreements with Swap Counterparties, under which Grantor has or may incur Hedging Obligations to Swap Counterparties.

The Loan Obligations (defined in the MCA) may be, from time to time, guaranteed by a guarantor, if any, under the terms and conditions of one or more guaranties in favor of Collateral Agent. The Hedging Obligations are guaranteed by Guarantor under the terms and conditions of the Hedging Agreements and/or a separate guaranty of the Hedging Obligations (the MCA, the Guaranty, and the Hedging Agreements and any separate guaranty of the Hedging Obligations are herein sometimes individually and collectively referred to as the "Debt Instrument").

Grantor(s) has an economic interest in Borrower or will obtain some other material financial benefit as a result of Secured Parties' entering into the Secured Obligation Documents (defined herein). Secured Parties require that Grantor(s) execute this agreement as a condition of the Secured Obligation Documents. Grantor(s) jointly and severally agrees and acknowledges that in exchange for the pledging of liens upon their assets, Grantor(s) is receiving valuable and direct consideration and benefit under the Agreement by Lender forbearing from initiating litigation involving transfers of property with and from the Loan Parties and from initiating insolvency proceedings against the Loan Parties that could directly and negatively impact the Grantor(s) and its own insolvency issues.

The noteholder is Lender, having a mailing address of 14767 N. Outer 40 Rd., Suite 400, Chesterfield, MO 63017, Attention: Loan Operations. The maximum aggregate principal amount hereby secured at any one time is $4,500,000.00 (the "Maximum Amount Secured").

TO SECURE repayment of the indebtedness evidenced by the Note (defined herein) and payment and performance of all other Secured Obligations (defined herein), Grantor irrevocably and unconditionally grants, bargains, sells, and conveys to Trustee, in trust, for the benefit of Beneficiary, WITH POWER OF SALE and right of entry and possession wherever located, whether now owned or hereafter acquired or arising, and, except as indicated, whether constituting real estate or personal property (collectively, the "Property"): (a) the real estate and any interest in the personal property and real estate located in Floyd, Patrick, Smyth, Grayson and Carroll Counties, Virginia, and described in EXHIBIT A (the "Land"); (b) all buildings, structures, improvements, fixtures, attachments, appliances, equipment, machinery and other articles now or hereafter erected on, affixed or attached to, or located in or on the Land, including all wells, watering and irrigation apparatus, pumps, motors, generators, pipes, center pivot irrigators and sprinklers, windmills, and fences (the "Improvements"); (c) all easements, rights-of-way and rights appurtenant to the Land or used in connection with the Land or as a means of access thereto ("Easements"); (d) the ground water on, under, pumped from or otherwise available to the Property or Land or any drainage, retention, ditch, canal, reservoir, or other water rights, whether as a result of overlying groundwater rights, contractual rights, or otherwise and whether riparian, appropriative, or otherwise; the right to remove or extract any such ground water including any permits, rights or licenses granted by any nation or government, any state or other political subdivision thereof, any agency, authority, instrumentality, regulatory body, court, administrative tribunal, central bank or other entity exercising executive, legislative, judicial, taxing, regulatory or administrative powers or functions of or pertaining to government ("Governmental Authority") and any rights granted or created by any easement, covenant, agreement or contract with any Person; and any rights to which the

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

2

4869-1901-2001, v. 2

BK 1 2 3 1 PG 0 9 2 6

Property or Grantor is entitled with respect to surface water, whether such rights are appropriative, riparian, prescriptive or otherwise and whether or not pursuant to historical use, contractual agreement, permit or other governmental authorization; any water right, water allocation for water not yet delivered, distribution right, delivery right, any proscriptive, contractual, easement or other rights necessary or convenient to convey any water to the Property, water storage right, or other water-related entitlement appurtenant to or otherwise applicable to the Property by virtue of the Property being situated within the boundaries of any governmental water district irrigation district or other local agency or within the boundaries of any private water company, mutual water company, or other non-governmental entity (collectively, "Water Rights"); (e) all other tenements, hereditaments and appurtenances to the Land; (f) minerals, oil, gas, coal, metallic ores, other minerals and any other hydrocarbon substances, minerals, mineral interests, royalties, overriding royalties, production payments, net profit interests and other interests and other interests and estates in, under and on the Land and other oil, gas, coal, metallic ores and any other mineral interests with which any of the foregoing interests or estates are pooled or unitized, including surface damage awards or settlements (the "Mineral Rights"); (g) timber now or hereafter standing or cut; (h) leases, subleases, licenses, occupancy agreements, concessions and other agreements, granting a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Property (collectively, the "Leases"); (i) all utility contracts, maintenance agreements, management agreements, rights under any and all nutrient/manure management plans, service contracts and other agreements directly related to the operation and maintenance of the Property; (j) all bushes, groves, trees, plants, vines or other plantings, upon or under the Land ("Plantings") including all varieties of Plantings that produce fruit, nuts, or other crops in more than one crop year ("Permanent Crop Plantings"); (k) all patents, trademarks, or other intellectual property, working drawings, instructional manuals, and rights in processes directly related to the operation of the Property; (l) other tangible personal property of every kind and description, whether stored on the Land or elsewhere, including all goods, materials, supplies, tools, books, records, chattels, furniture, machinery and equipment (except motor vehicles, trailers, and planting, tillage and harvesting equipment rolling stock) or which is in all cases (i) directly related to the operation of the Property or acquired in connection with any construction or maintenance of the Land or the Improvements or and (ii) affixed or installed, or to be affixed or installed, in any manner on the Land or the Improvements or; (m) all U.S. Forest Permits, Taylor Grazing Permits or Licenses, and State grazing leases, and other grazing rights, including (if any) the rights described in EXHIBIT B to any mortgage(s) and separate security agreement(s) securing the Note(s), from time to time; (n) all permits and licenses relating or pertaining to the use or enjoyment of the Property; (o) proceeds of and any unearned premiums on any insurance policies covering the Property, including the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property (the "Insurance Claims"); (p) all awards made for the taking by condemnation or the power of eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the Land or other Real Estate (the "Condemnation Awards"); (q) rights and interests under any Hedging Agreements, including all rights to the payment of money from Secured Parties or Trustee under the Hedging Agreements; and all accounts, deposit accounts, and general intangibles, including payment intangibles, described in any of the Hedging Agreements; (r) the right, in the name and on behalf of Grantor, upon notice to Grantor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Trustee, Beneficiary or Secured Parties in the Property; and (s) substitutions, replacements, additions, accessions and proceeds for or to any of the foregoing, and all books, records and files relating to any of the foregoing, including, without limitation, computer readable memory and data and any computer software or hardware reasonably necessary to access and process such memory and data.

      1.     Secured Obligations. Grantor makes the grant, conveyance, transfer and assignment herein, to secure payment and performance of the following obligations (the "Secured Obligations") in any order of priority that Beneficiary may choose: (a) all Obligations (defined in the MCA), under one or more Facility Sheets(s) from time to time where Grantor is designated from time to time as Borrower or Non-Borrower, including (i) the Operating Line of Credit 1 Note dated May 4, 2020, from Borrower to Lender in the original principal amount of $13,500,000.00 (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "Note"); (ii) the Application and Account Agreement in the maximum amount of $350,000 designed by Lender as Loan Obligation Nos. xxxx526-11003 and xxx526-12001; (iii) all Hedging Obligations; and (iv) all other indebtedness, liabilities and obligations of Borrower to Lender and the Swap Counterparties arising pursuant to any of the Transaction Documents, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several; (b) all obligations of Borrower under this Deed of Trust; (c) any obligations due to a Banking Counterparty with regard to Banking Obligations; (d) all obligations of Borrower to Lender, Coöperatieve Rabobank U.A., a foreign banking organization organized as a cooperative bank under the laws of The Netherlands ("Rabobank") or any other Affiliate of Lender (Lender, Rabobank and any other Affiliate of Lender or Rabobank are

Randall Etler MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

3

4869-1901-2001, v. 2

240001082.019

ᵀᴮ591890535    BOOK 1 1 1 0 PAGE 0 5 4 0

BK 1 2 3 1 PG 0 9 2 1

herein individually and collectively, "Secured Parties"), whether now existing or hereafter incurred or created, whether voluntary or involuntary, whether obligatory or non-obligatory; whether due or not due, whether absolute or contingent, or whether incurred directly or acquired by assignment or otherwise: and (e) any of the foregoing that arises after the filing of a petition by or against Grantor or Borrower under an Insolvency Proceeding. All Persons who have or acquire an interest in the Property will be deemed to have received notice of, and will be bound by, the terms of the MCA, the other Transaction Documents, the Application, and each other agreement or instrument made or entered into in connection with each of the Secured Obligations (the Transaction Documents and those other agreements or instruments, the "Secured Obligation Documents"). These terms include any provisions in the Secured Obligation Documents which permit borrowing, repayment and reborrowing, or which provide that the rate of interest on one or more of the Secured Obligations may vary from time to time. This Deed of Trust secures one or more Obligations that contain a variable rate of interest according to a formula based on LIBOR, SOFR ("Secured Overnight Financing Rate") or a similar widely used index which is disclosed in the Loan Documents. This Deed of Trust does not secure any obligation which is unsecured pursuant to the express terms of the MCA or any other document, agreement or instrument. Without limitation of the foregoing, this Deed of Trust does not secure the indebtedness, liabilities and obligations of Guarantor as guarantor under the terms and conditions of the Guaranty or any other guaranty given by Guarantor to secure the Hedging Obligations.

2.    **Future Secured Obligations.** The Secured Obligations include future advances and other future Secured Obligations made by Beneficiary or Secured Parties, at their option, and for any purpose, and all other future Secured Obligations. Those future advances and other future Secured Obligations are secured to the same extent as if made or incurred on the date of the execution of this Deed of Trust, and have priority as to third Persons with or without actual notice from the time this Deed of Trust is filed for record as provided by law. The total amount of indebtedness secured by this Deed of Trust may decrease or increase from time to time. Grantor shall not file for record any notice limiting the maximum amount secured by this Deed of Trust (a "Maximum Amount Notice"). A Maximum Amount Notice will be an Event of Default (defined herein). Nothing herein will constitute a commitment to make additional or future advances or enter into future derivatives transactions in any amount.

3.    **Assignment.** Grantor irrevocably and unconditionally assigns to Beneficiary and grants Beneficiary a security interest in, the Leases; all rents and other benefits derived from the Leases, and all other issues, profits, royalties, bonuses, income and other benefits derived from or produced by the Real Estate, including but not limited to, any monies, proceeds, damages, Judgments or payments in lieu thereof, received by or due to Grantor occasioned by any mineral or geothermal exploration, wind energy, solar energy or drilling activity on or under the Real Estate, all prepaid rents, security deposits and other supporting obligations (the "Rents"). Beneficiary may collect Rents with or without taking possession of the Property. Beneficiary confers upon Grantor a license to collect and retain the Rents as they become due and payable, so long as there is no Event of Default (the "License"). If an Event of Default has occurred, Beneficiary may terminate the License without notice to or demand upon Grantor. Beneficiary, by its acceptance of this Deed of Trust does not assume any duty or obligation under the Leases. The assignment of Rents set forth in this Deed of Trust constitutes an assignment of Grantor's interest in Leases, rents and profits arising from the real property described in this Deed of Trust for purposes of Section 55.1-1403 of the Code of Virginia Annotated (as amended).

4.    **Grant of Security Interest; Fixture Filing.** This Deed of Trust is both a real property Deed of Trust and a security agreement under the Uniform Commercial Code in effect in the Commonwealth of Virginia (the "UCC"); and Grantor grants Trustee and Beneficiary a security interest in and pledges and assigns to Trustee and Beneficiary all of Grantor's right, title and interest in the Property, to the extent characterized as personal property (the "Personalty"). The address of Grantor adjacent to its signature below is the mailing address of Grantor as debtor under the UCC. The address for Trustee specified in the first paragraph of this Deed of Trust is the address for Trustee as secured party under the UCC; and the address for Beneficiary specified herein is the address for Beneficiary as secured party under the UCC. As used in this Deed of Trust, the term "lien" is synonymous with the term "lien and security interest." This Deed of Trust shall also constitute a "fixture filing" for the purposes of the UCC. As such, this Deed of Trust covers all items of the Property that are or are to become fixtures. Pursuant to the fixture filing requirements of the UCC, wherever in this Deed of Trust (i) the word "Grantor" appears it shall be deemed for all purposes to refer to debtor, and (ii) the word "Beneficiary" appears, it shall be deemed for all purposes to refer to secured party. For the avoidance of doubt, the grant of security interest contained in this Deed of Trust is not intended to expand or otherwise modify the grant of security interest contained in the MCA or the Forbearance Agreement, and to the extent that this Deed of Trust conflicts with the MCA or the Forbearance Agreement, those documents shall control.

Randall Eiler MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

4

4869-1901-2001, v. 2

BOOK 1110 PAGE 0541

5.    <u>Warranty of Title</u>. Grantor represents and warrants that Grantor lawfully possesses and holds good and marketable fee simple title to all of the Land and the Improvements, that Grantor has the right, power and authority to grant, convey and assign the Property; and that the Property is unencumbered. Grantor covenants that Grantor will warrant and forever defend generally the title to, and ownership and possession of, the Property against all claims and demands, with all costs and expenses of defense to be borne by Grantor. Grantor especially agrees and declares that the separate estate of each of them, whether vested, contingent or in expectancy, is hereby conveyed and shall be bound for the payment and performance of the Secured Obligations.

6.    <u>Permanent Crop Plantings</u>. All Permanent Crop Plantings are real estate and will remain a part of the Land. Grantor represents and warrants that the Permanent Crop Plantings are not subject to intellectual property rights under U.S. or foreign patent, copyright or trademark laws, the Plant Variety Protection Act or similar laws or subject to license from the holder of any such intellectual property rights (collectively "<u>Permanent Crop Planting IP Rights</u>"), other than (where applicable) the Permanent Crop Planting IP Rights described on <u>EXHIBIT B</u>. To the extent the Land does contain or in the future is cultivated to grow any variety of Permanent Crop Plantings that are subject to Permanent Crop Planting IP Rights, (a) Grantor represents and warrants that Grantor is the owner of such IP Rights free and clear of any claim, right, title, interest or Lien of any other person; (b) Grantor shall notify Beneficiary in writing of the existence of any Permanent Crop Planting IP Rights and Grantor grants Beneficiary a security interest in and a Lien upon all of Grantor's present and future rights, title and interests in, to and under Permanent Crop Planting IP Rights; all cash and non-cash proceeds and products of Permanent Crop Planting IP Rights; and all causes of action, past, present and future for infringement, misappropriation or dilution of, or unfair competition regarding any of Permanent Crop Planting IP Rights.

7.    <u>Additional Representations</u>. Grantor represents to Beneficiary and Secured Parties that: (a) the Property does not represent the proceeds of unlawful activity under any state, federal or foreign law; (b) the Property includes all property and rights which may be reasonably necessary or desirable to enable Grantor to use, enjoy and operate the Land and the Improvements for the present uses thereof; (c) intentionally deleted; (d) Grantor owns the Personalty free and clear of any reservations of title or conditional sales contracts, (e) Grantor has title to, or (in the case of leased property) valid leasehold interests in, all of their properties and assets, real and personal, including the properties and assets and leasehold interests reflected in the Financial Information (other than any properties or assets disposed of in the ordinary course of business); (f) the legal name of Grantor is as appears in the first paragraph of this agreement; (g) Grantor has not used any trade name, assumed name or other name except Grantor's name stated in the first paragraph of this agreement; (h) each Grantor who is a natural Person resides at the address adjacent to his or her signature below; (i) if Grantor is anything other than a natural Person, it has complied with all Applicable Laws concerning its organization, existence and the transaction of its business, and is in existence and good standing in its state of organization and each state in which it conducts its business, with the exception of NDRD Land Holdings, LLC; (j) the execution, delivery and performance by Grantor of this Deed of Trust is within the powers and authority of Grantor and has been duly authorized; (k) to Grantor's knowledge, this Deed of Trust does not conflict with any Applicable Law; (l) this Deed of Trust is a legal, valid and binding agreement of Grantor, enforceable against Grantor in accordance with its terms, and any instrument or agreement required hereunder, when executed and delivered, will be similarly legal, valid, binding and enforceable; (m) except as otherwise previously disclosed by Grantor, there has been no Material Adverse Effect as to Grantor since the effective date the Financial Information was provided to Beneficiary or Secured Parties; (n) except as otherwise disclosed in the Forbearance Agreement, there is no lawsuit, tax claim or other dispute pending or to Grantor's knowledge threatened against Grantor or the Property that, if determined adverse to Grantor, is reasonably likely to have a Material Adverse Effect; (o) except as otherwise previously disclosed by Grantor, Grantor is not the subject of any Judgment; (p) this Deed of Trust does not conflict with, nor is Grantor in default on any credit agreement, indenture, purchase agreement, guaranty, capital lease, or other investment, agreement, or arrangement presently in effect providing for or relating to extensions of credit in respect of which Grantor is in any manner directly or contingently obligated; (q) Grantor has filed all tax returns (federal, state, and local) required to be filed and has paid all taxes, assessments, and governmental charges and levies thereon, including interest and penalties; (r) before signing this Deed of Trust, Grantor researched, to the satisfaction of Grantor, and inquired into the previous uses and ownership of the Real Estate, and based on that due diligence, to the best of Grantor's knowledge, except as previously disclosed related to Tracts One through Six on Exhibit A, no Hazardous Substance has been disposed of or released or otherwise exists in, on, under or onto the Real Estate, except as Grantor has disclosed to Beneficiary or Secured Parties in the Environmental Information; (s) Grantor has complied with all current and future laws, regulations and ordinances or other requirements of any Governmental Authority relating to or imposing liability or standards of conduct concerning protection of health or the environment or Hazardous Substances ("<u>Environmental Laws</u>"); (t) Grantor has not received any notices of

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

4869-1901-2001. v. 2

5

violations of any Applicable Laws (including Environmental Laws); and Grantor is in compliance with all Applicable Laws; (..) there are no claims, actions, proceedings or investigations pending or threatened against Grantor or affecting the Property with respect to any violations of Applicable Laws; (v) Grantor's place of business, or its chief executive office, if it has more than one place of business, is located at the address specified below; and (w) unless otherwise disclosed to Beneficiary, Grantor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code of 1986; and there is no Event of Default or event which, with notice or lapse of time would be an Event of Default.

8.    **Information Accurate and Complete.** All financial statements and other reports, documents, instruments, information and forms of evidence which have been delivered to Beneficiary or Secured Parties concerning Grantor, or the Property (the financial and other information supplied or to be supplied to Beneficiary or Secured Parties in connection with this Deed of Trust is herein referred to as the "Financial Information"), are accurate, correct and sufficiently complete in all material respects to provide Beneficiary and Secured Parties true and accurate knowledge of their subject matter, including, without limitation, all material contingent liabilities. Grantor's submission of any Financial Information or other report, record or information pertaining to the condition or operations, financial or otherwise, of Grantor, from time to time, whether or not required under this Deed of Trust, will be deemed accompanied by a representation by Grantor that the Financial Information or other report, record or information is complete and accurate in all material respects as to the condition or operations of Grantor (and, if applicable, Grantor's Subsidiaries, Affiliates, partners, shareholders, members, or other principals), including, without limitation, all material contingent liabilities and Grantor's business or organizational structure.

9.    **Performance of Secured Obligations.** Grantor shall promptly pay and perform each Secured Obligation in accordance with its terms.

10.    **Maintenance and Preservation of Property.** Grantor shall: (a) immediately discharge any Lien that attaches to the Property following the recording of this Deed of Trust , and shall also pay when due each obligation secured by or reducible to a Lien which now or hereafter encumbers or appears to encumber all or part of the Property, whether the Lien is or would be senior or subordinate to this Deed of Trust; (b) not alter, remove or demolish any portion of the Improvements, except as permitted or required by the MCA; (c) maintain (or cause to be maintained) all policies of insurance required under the MCA and pay (or cause payment of) all premiums for that insurance on or prior to the date when due; (d) promptly and completely repair and/or restore any portion of the Property which becomes damaged or destroyed, in a good and workmanlike manner in accordance with sound building practices, whether or not Grantor has received the proceeds of any Insurance Claim; (e) not commit or allow any waste of the Property, nor do or suffer to be done any act whereby the value of any part of the Property may be lessened; (f) not initiate or allow any change in any zoning or other land use classification which affects the Property or any part of it, except as permitted or required by the MCA; (g) if the Land is agricultural, keep the Property in good condition and repair; operate the Property, whether improved pastures, orchards, grazing, timber, or crop lands, in a good and husbandman like manner in accordance with accepted principles of sound agricultural and forestry practices; take all reasonable precautions to control wind and water erosion; fertilize improved pastures, if any, where necessary to maintain a good stand of desirable grasses; protect orchards and timber, if any, by reasonable precautions against loss or damage by fire including the maintenance of appropriate fire breaks; and neither to remove nor permit the removal of any timber, buildings, oil, gas, mineral, stone, rock, clay, fertilizer, gravel or top soil without the prior written consent of Beneficiary; (h) complete appropriation and all other requirements, if any, necessary to obtain the issuance of any license or water permit issued to Grantor, and take all other steps required or advisable for purposes of perfecting and maintaining in good status all other Water Rights; (i) keep all Permanent Crop Plantings cultivated, irrigated, fertilized, sprayed and fumigated, and shall replace all dead or unproductive trees, vines and other Permanent Crop Plantings with new ones; (j) not bring or keep any article on the Property or cause or allow any condition to exist on it, if that could invalidate or would be prohibited by any insurance coverage required to be maintained by Grantor on the Property or any part of it under this Deed of Trust; and (k) perform all other acts which from the character or use of the Property may be reasonably necessary to maintain and preserve its value and utility.

11.    **Compliance with Applicable Law** Grantor shall not commit or allow any act upon or use of the Property which would violate any Applicable Law, whether now existing or later to be enacted and whether foreseen or unforeseen, or any public or private covenant, condition, restriction or equitable servitude affecting the Property;

12.    **Taxes and Assessments.** Grantor shall pay (a) prior to delinquency, all taxes, levies, charges and assessments imposed by Applicable Law or any public or quasi-public authority or utility company which are (or if not paid, may become) a Lien on all or part of the Property or any interest in it, or which may cause any decrease in the value of the Property

BK 1231 PG 0930

or any part of it (individually and collectively "Impositions"); (o) any and all intangible taxes and documentary stamp taxes determined at any time to be due on or as a result of the Secured Obligations, this Deed of Trust or any other Transaction Documents, together with any and all interest and penalties thereon; and (c) taxes, levies, charges and assessments on Beneficiary's or Secured Parties' interest therein or upon this Deed of Trust or the Secured Obligations (collectively, "Mortgage Taxes"); except that if the amount of Mortgage Taxes exceeds the Maximum Rate, Grantor will not be required to pay any such excess. If after the date of this Deed of Trust, the State of Virginia passes any law deducting from the value of Land for the purpose of taxation any Lien thereon, or changing in any way the laws for the taxation of Mortgages or debts secured by Mortgage for state or local purposes, or the manner of the collection of any such taxes, so as to affect this Deed of Trust, then within 180 days after notice by Beneficiary to Grantor, Grantor shall pay all Secured Obligations. Notwithstanding the foregoing provisions of this section, Grantor may, at its expense, contest the validity or application of any Imposition by appropriate legal proceedings promptly initiated and conducted in good faith and with due diligence, provided that Beneficiary is satisfied that neither the Property nor any part thereof or interest therein will be at risk of being sold, forfeited, or lost as a result of such contest, and Grantor has posted a bond equal to 115% of the contested amount or furnished such other security required from time to time by Beneficiary for purposes of payment of the contested amount.

13.  **Damages and Insurance and Condemnation Proceeds.** Beneficiary may, at its option, (a) in its own name appear in or prosecute any action or proceeding to enforce any cause of action based on warranty, or for damage, injury or loss to all or part of the Property, and it may make any compromise or settlement of the action or proceeding; (b) participate in any action or proceeding relating to any Condemnation Award; and (c) join Grantor in adjusting any Insurance Claim. All insurance proceeds, Condemnation Awards, and proceeds of any other claim based on warranty, or for damage, injury or loss to the Property which Grantor may receive or be entitled to must be paid to Beneficiary. In each instance, Beneficiary may apply those proceeds first toward reimbursement of all of Beneficiary's costs and expenses of recovering the proceeds or Condemnation Award, including Legal Fees. The balance shall, at Beneficiary's option, be applied to pay or Prepay some or all of the Secured Obligations in such order and proportions as it may choose. GRANTOR HEREBY SPECIFICALLY, UNCONDITIONALLY AND IRREVOCABLY WAIVES ALL RIGHTS OF A PROPERTY OWNER THAT PROVIDE FOR ALLOCATION OF CONDEMNATION PROCEEDS BETWEEN A PROPERTY OWNER AND A LIENHOLDER, AND ANY OTHER LAW OR SUCCESSOR STATUTE OF SIMILAR IMPORT.

14.  **Site Visits, Observation and Testing.** Beneficiary and its agents and representatives may enter and visit the Property at any reasonable time for the purposes of observing it, performing Appraisals, taking and removing soil or groundwater samples, and conducting tests on any part of it, as provided in the MCA, and otherwise to determine Grantor's compliance with this Deed of Trust.

15.  **Defense and Notice of Claims and Actions.** At Grantor's sole expense, Grantor shall protect, preserve and defend the Property and title to and right of possession of the Property, and the security of this Deed of Trust and the rights and powers of Beneficiary and Trustee created under it, against all adverse claims. Grantor must give Beneficiary and Trustee prompt notice in writing if any claim is asserted which does or could affect any of these matters, or if any action or proceeding is commenced which alleges or relates to any such claim.

16.  **Prohibited Transfers.** Grantor agrees that a material factor in Secured Parties' decision to enter into the Secured Obligation Documents is the expertise, financial status and other characteristics of Grantor or Borrower. Grantor or Borrower shall not make or permit any Prohibited Transfer. Upon any Prohibited Transfer Beneficiary may declare all Secured Obligations to be due and payable immediately. "Prohibited Transfer" means: (a) any sale, contract to sell, conveyance, encumbrance, pledge, mortgage, lease of the Property to or for the benefit of a Person not the original Grantor under this instrument, and not expressly permitted under this instrument or the other Secured Obligation Documents, or other transfer of all or any material part of the Property or any interest in it, including any transfer of Mineral Rights, Water Rights, or Water Stock, whether voluntary, involuntary, by operation of law or otherwise; (b) if Grantor or Borrower is a corporation, any transfer or transfers of shares of the voting power or the direct or indirect beneficial ownership of Grantor; (c) if Grantor or Borrower is a partnership, withdrawal or removal of any general partner, dissolution of the partnership under Applicable Law, or any transfer or transfers of the partnership interests; (d) if Grantor or Borrower is a limited liability company, withdrawal or removal of any managing member, termination of the limited liability company or any transfer or transfers of the voting power or the ownership of the economic interest in the Grantor or Borrower; or (e) if Grantor or Borrower is a trust, withdrawal or removal of any trustee or revocation of the trust. For avoidance of doubt, Section 3 of the Forbearance Agreement contemplates that the Loan Parties (as defined in the Forbearance Agreement), including the Grantor and the CRO (as defined in the Forbearance Agreement) "shall

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

4869-1901-2001, v. 2

7

BOOK 1110 PAGE 0544

coordinate and execute an orderly liquidation of the Rabo Collateral (as defined in the Forbearance Agreement)", including without limitation the Property. Any Transfer made consistent with the terms of the Forbearance Agreement and any plan of orderly liquidation proposed by the Grantor and the CRO and approved by Beneficiary shall not constitute a Prohibited Transfer.

17.    **Compensation and Reimbursement of Costs and Expenses**. Grantor shall pay (a) fees in the maximum amounts legally permitted, or reasonable fees as may be charged by Beneficiary or Trustee when the law provides no maximum limit, for any services that Beneficiary or Trustee may render in connection with this Deed of Trust, including Beneficiary's providing a statement or Trustee's rendering of services in connection with a reconveyance; (b) all of Beneficiary's or Trustee's costs and expenses which may be incurred in rendering any such services; and (c) all costs, expenses and other advances which may be incurred or made by Beneficiary or Trustee in any efforts to enforce any terms of this Deed of Trust or protect the Property, including any rights or remedies afforded to Beneficiary or Trustee herein, including but not limited to Appraisals, inspections, insurance premiums, and prevention of waste, whether any lawsuit is filed or not, including any bankruptcy or other voluntary or involuntary proceeding, in or out of court, for the Adjustment of debtor-creditor relationships, or in defending any action or proceeding arising under or relating to this Deed of Trust, including attorneys' fees and other legal costs, costs of any Foreclosure Sale (defined herein) and any cost of evidence of title. If Beneficiary chooses to dispose of Property through more than one Foreclosure Sale, Grantor must pay all costs, expenses or other advances that may be incurred or made by Beneficiary or Trustee in each of those Foreclosure Sales. GRANTOR SHALL INDEMNIFY TRUSTEE, BENEFICIARY AND SECURED PARTIES AGAINST AND SHALL HOLD THEM HARMLESS FROM ALL LOSSES, DAMAGES, LIABILITIES, CLAIMS, CAUSES OF ACTION, JUDGMENTS, COURT COSTS, ATTORNEYS' FEES AND OTHER LEGAL EXPENSES, COST OF EVIDENCE OF TITLE, COST OF EVIDENCE OF VALUE, AND OTHER COSTS AND EXPENSES WHICH EITHER MAY SUFFER OR INCUR: (A) IN PERFORMING ANY ACT REQUIRED OR PERMITTED BY THIS DEED OF TRUST OR ANY OF THE OTHER SECURED OBLIGATION DOCUMENTS OR BY LAW; (B) BECAUSE OF ANY FAILURE OF GRANTOR TO PAY OR PERFORM ANY OF THE SECURED OBLIGATIONS; OR (C) BECAUSE OF ANY ALLEGED OBLIGATION OF OR UNDERTAKING BY BENEFICIARY OR SECURED PARTIES TO PERFORM OR DISCHARGE ANY OF THE REPRESENTATIONS, WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN ANY DOCUMENT RELATING TO THE PROPERTY (OTHER THAN SUCH WARRANTIES. CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN THE SECURED OBLIGATION DOCUMENTS). THIS AGREEMENT BY GRANTOR TO INDEMNIFY TRUSTEE, BENEFICIARY AND SECURED PARTIES SURVIVES THE RELEASE AND CANCELLATION OF ANY OR ALL OF THE SECURED OBLIGATIONS AND THE FULL OR PARTIAL RELEASE AND/OR RECONVEYANCE OF THIS DEED OF TRUST.

18.    **Payments Due under this Deed of Trust**. Upon the occurrence of one or more Events of Default (as defined below), Grantor must pay all obligations to pay money arising under this Deed of Trust immediately upon demand by Trustee, Beneficiary or Secured Parties to prevent the enforcement of Secured Parties', Beneficiary's or Trustee's remedies under this Deed of Trust. Each such obligation shall bear interest from the date the obligation arises at the Default Rate.

19.    **Events of Default**. The following each shall be an event of default under this Deed of Trust (an "Event of Default"): (a) an Event of Default under the MCA, Application or Forbearance Agreement, including a default termination event or other similar event under any Hedging Agreement which is not cured within any grace or cure period specified therein, if any; (b) a Prohibited Transfer; (c) the Financial Information or any representation in this Deed of Trust is materially incorrect or materially misleading; (d) the filing of any notice limiting the maximum amount secured by this Deed of Trust to a sum less than the Maximum Amount Secured as specified herein, or if no such amount is specified, to any amount; (e) for more than ten days after notice from Beneficiary, Grantor is in default under any term, covenant or condition of this Deed of Trust not previously described in this section, which can be cured by the payment of a sum of money; (f) for 30 days after notice from Beneficiary or Secured Parties, Borrower is in default under any term, covenant or condition of this Deed of Trust not previously described in this section; or (g) Grantor is in default of the terms of any plan of orderly liquidation that is approved by Beneficiary pursuant to Section 3 of the Forbearance Agreement; provided that if (i) it is reasonably certain that the default cannot be cured by Grantor within that 30 day period and (ii) Grantor has commenced curing that default within that 30 day period and thereafter diligently and expeditiously proceeds to cure that default, then that 30 day period shall be extended for so long as reasonably required by Grantor in the exercise of due diligence to cure that default, up to a maximum of 90 days after the notice to Grantor of the Event of Default.

20.    **Remedies**. At any time after an Event of Default, Secured Parties, Beneficiary or Trustee may (a) declare any or all of the Secured Obligations to be due and payable immediately; (b) cure any breach or default of Grantor; (c) may, to

Case 5:25-cv-00065-KDB-DCK    Document 1-16    Filed 04/29/25    Page 23 of 47

BK 1231 PG 0932

the extent permitted by Applicable Law, make an ex parte application to any court of competent jurisdiction, and obtain appointment of, a receiver, trustee, liquidator or conservator of the Property, without notice, without giving bond, and without regard for the adequacy of the security for the Secured Obligations and without regard for the solvency of Borrower, any Guarantor, or of any Person liable for the payment of the Secured Obligations; (d) in person, by agent or by court-appointed receiver, enter, take possession of, manage and operate all or any part of the Property; (e) exercise any or all of the remedies grantee to a secured party under the UCC; (f) bring an action in any court of competent jurisdiction to foreclose this Deed of Trust or to obtain specific enforcement of any of the Covenants or agreements of this Deed of Trust; (g) under the power of sale granted under this Deed of Trust (the "Power of Sale"), at its option cause some or all of the Property, including the Personalty, to be sold or otherwise disposed of in any combination and in any manner permitted by Applicable Law; and (h) do any and all other things in connection with those actions that Beneficiary may consider necessary and appropriate to protect the security of this Deed of Trust. GRANTOR HEREBY IRREVOCABLY CONSTITUTES AND APPOINTS BENEFICIARY AS GRANTOR'S ATTORNEY-IN-FACT TO PERFORM SUCH ACTS AND EXECUTE SUCH DOCUMENTS AS BENEFICIARY CONSIDERS APPROPRIATE IN CONNECTION WITH TAKING THESE MEASURES, INCLUDING ENDORSEMENT OF GRANTOR'S NAME ON ANY INSTRUMENTS. GRANTOR HEREBY WAIVES NOTICE OF THE APPLICATION FOR, AND CONSENTS TO THE APPOINTMENT OF A RECEIVER, TRUSTEE, LIQUIDATOR OR CONSERVATOR OF THE PROPERTY IN ACCORDANCE WITH THE PROVISIONS OF THIS SECTION (WHICH APPOINTMENT OF SUCH POWER OF ATTORNEY IS A POWER COUPLED WITH AN INTEREST); AND AGREES TO NOT OPPOSE SUCH APPOINTMENT. Notwithstanding the foregoing, in no event will Trustee, Beneficiary or Secured Parties have any obligation to take any of the actions set forth in this Deed of Trust. Beneficiary shall not be considered to have accepted any property other than cash or immediately available funds in satisfaction of any obligation of Grantor to Beneficiary, unless Beneficiary has given express written notice of its election of that remedy. The proceeds of any receivership shall be applied by the receiver toward the payment of the Secured Obligations or toward the payment of such part of any Judgment thereupon which remains unsatisfied after the sale of the Property. The receiver may make repairs and keep the Property in good condition and repair pending a sale, and pay all taxes and assessments accrued or accruing or redeem from sales therefore, pay all premiums of insurance required under this Deed of Trust, and pay all other charges as herein provided.

21. **Sales of Property Following an Event of Default**. Beneficiary may elect to treat as Personalty any Property which is intangible or which can be severed from the Land or Improvements without causing structural damage. Beneficiary may dispose of any Personalty separately from the sale of real property, in any manner permitted by the UCC or any other Applicable Law. Any proceeds of any such disposition shall not cure any Event of Default or reinstate any Secured Obligation. Beneficiary may choose to dispose of some or all of the Property which consists solely of real property in any manner then permitted by Applicable Law. To the extent permitted by Applicable Law, Beneficiary may also or alternatively choose to dispose of some or all of the Property, in any combination consisting of both real and personal property, together in one sale to be held in accordance with the law and procedures applicable to real property, as permitted by the UCC. Grantor agrees that such a sale of Personalty together with real property constitutes a commercially reasonable sale of the personal property. For purposes of the Power of Sale, either a sale of real property alone under the Power of Sale, or, to the extent permitted by Applicable Law a sale of both real and personal property under the Power of Sale, together in accordance with the UCC, will sometimes be referred to as a "Non-Judicial Foreclosure Sale." Before any Non-Judicial Foreclosure Sale, Beneficiary or Trustee must give such notice of default and election to sell as may then be required by law. When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, Beneficiary or Trustee, as required by Applicable Law, must sell the Property being sold at a public auction to be held at the time and place specified in the notice of sale. Neither Beneficiary nor Trustee have any obligation to make demand on Grantor before any Non-Judicial Foreclosure Sale. From time to time in accordance with then Applicable Law, Trustee may (and in any event at Beneficiary's request Trustee must), postpone any Non-Judicial Foreclosure Sale by public announcement at the time and place noticed for that sale. Trustee or Beneficiary, as required by Applicable Law, shall execute and deliver to any purchaser(s) a deed(s) or bill(s) of sale conveying the Property being sold without any covenant or warranty whatsoever, express or implied. The recitals in any such deed(s) or bill(s) of sale of any matters or facts, including any facts bearing upon the regularity or validity of any Non-Judicial Foreclosure Sale, will be conclusive proof of their truthfulness. Any such deed(s) or bill(s) of sale shall be conclusive against all Persons as to the facts recited in it. If the Land is located in more than one county, then to the extent permitted by Applicable Law, a judicial or non-judicial foreclosure sale of the Property may be maintained in any one or more of those counties. If the Property consists of more than one lot, parcel or item of property, Beneficiary may: (i) designate the order in which the lots, parcels and/or items shall be sold or disposed of or offered for sale or disposition; and (ii) elect to

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

4869-1901-2001, v. 2

9

BK1231 PG0933

dispose of the lots, parcels and/or items through a single consolidated sale or disposition to be held or made under the Power of Sale, or in connection with judicial proceedings, or by virtue of a Judgment and decree of foreclosure and sale; or through two or more such sales or dispositions; or in any other manner (including a Non-Judicial Foreclosure Sale) Beneficiary may deem to be in its best interests (any such sale or disposition, a "Foreclosure Sale;" any two or more, "Foreclosure Sales"). If it chooses to have more than one Foreclosure Sale, Beneficiary at its option may cause the Foreclosure Sales to be held simultaneously or successively, on the same day, or on such different days and at such different times and in such order as it may deem to be in its best interests. No Foreclosure Sale will terminate or affect the Lien of this Deed of Trust on any part of the Property which has not been sold, until all of the Secured Obligations have been paid in full. At any Foreclosure Sale, any person, including Grantor, Beneficiary, Secured Parties or to the extent permitted by Applicable Law, Trustee, may bid for and acquire the Property or any part of it to the extent permitted by then Applicable Law. Instead of paying cash for that property, Beneficiary or Secured Parties may settle for the purchase price by crediting the sales price of the Property against the Secured Obligations, unless Applicable Law mandates a specific order of application, in which event payments and collections will be applied as mandated by Applicable Law. Any such credit, and all other proceeds of any Foreclosure Sale shall be applied to the Secured Obligations in accordance with Applicable Law.

22. **Additional Rights.** In addition to the rights and powers given to Beneficiary under this Deed of Trust, Beneficiary shall have all such other rights both in law and equity for collection of the indebtedness secured hereby as it would have but for this Deed of Trust.

23. **Guarantor and/or Non-Obligor Provisions.** (a) Guarantor and/or Non-Obligor authorize Trustee, Beneficiary and Secured Parties to perform any of the following acts at any time, all without notice to Guarantor and/or Non-Obligor and without affecting the rights of Trustee, Beneficiary or Secured Parties or the obligations of Guarantor and/or Non-Obligor under this Deed of Trust: (i) alter any terms of the MCA or any part of it, including renewing, compromising, extending or accelerating, or otherwise changing the time for payment of, replacing an index rate used to calculate or increasing or decreasing the rate of interest on, the MCA or any part of it or amending and making any technical, administrative, consequential or other changes to the MCA; (ii) take and hold security for the MCA, accept additional or substituted security for the MCA, and subordinate, exchange, enforce, waive, release, compromise, fail to perfect, sell or otherwise dispose of any such security; (iii) apply any security now or later held for the MCA in any order that Trustee, Beneficiary and Secured Parties may choose, and may direct the order and manner of any sale of all or any part of it and bid at any such sale; (iv) release Obligor/Borrower of its liability for the MCA or any part of it; (v) substitute, add or release any one or more guarantors or endorsers of the MCA; and (vi) extend other credit to Obligor/Borrower, and may take and hold security for the credit so extended, whether or not such security also secures the MCA.

(b) Guarantor and/or Non-Obligor waive: (i) any right to require Trustee, Beneficiary or Secured Parties to proceed against Obligor/Borrower, proceed against or exhaust any security held from Obligor/Borrower, or pursue any other remedy in Trustee's, Beneficiary's and Secured Parties power to pursue; (ii) any defense based on any legal disability of Obligor/Borrower, any discharge or limitation of the liability of Obligor/Borrower to Trustee, Beneficiary or Secured Parties, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that the obligations of Guarantor and/or Non-Obligor exceed or are more burdensome than those of Obligor/Borrower; (iii) all presentments, demands for performance, notices of nonperformance, protests, notices of protest. notices of dishonor, notices of acceptance of this Deed of Trust and of the existence, creation, or incurring of new or additional indebtedness of Obligor/Borrower, and demands and notices of every kind; (iv) any defense based on or arising out of any defense that Obligor/Borrower may have to the payment or performance of the MCA or any part of it; and (v) until the Secured Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the U.S. Code) or any successor statute, all rights to enforce any remedy that Trustee, Beneficiary or Secured Parties may have against Obligor/Borrower, and all rights to participate in any security now or later to be held by Trustee, Beneficiary or Secured Parties for the MCA.

(c) Guarantor and/or Non-Obligor waive all rights and defenses that Guarantor and/or Non-Obligor may have because the MCA may be secured by real property other than the Property hereby encumbered. This means, among other things: (i) Trustee, Beneficiary and Secured Parties may collect from Guarantor and/or Non-Obligor (including enforcing this Deed of Trust against Guarantor and/or Non-Obligor) without first foreclosing on any real or personal property collateral securing the MCA; and (ii) if Beneficiary forecloses on any real property collateral securing the MCA: (A) the amount of the MCA may be

Case 5:25-cv-00065-KDB-DCK    Document 1-16    Filed 04/29/25    Page 25 of 47

240001082.026

BK1231PG0934

BOOK1110 PAGE0547

reduced only by the price for which that Collateral is sold at the foreclosure sale, even if the Collateral is worth more than the sale price, and (B) Trustee, Beneficiary and Secured Parties may collect from Guarantor and/or Non-Obligor (including enforcing this Deed of Trust against Guarantor and/or Non-Obligor) even if Trustee, Beneficiary or Secured Parties, by foreclosing on the real property collateral, has destroyed any right Guarantor and/or Non-Obligor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Guarantor and/or Non-Obligor may have because the MCA may be secured by real property other than the Property.

(d)  Guarantor and/or Non-Obligor waive any right or defense it may have at law or equity, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered.

(e)  Guarantor and/or Non-Obligor are solely responsible for keeping informed of the financial condition and business operations of Borrower and all other circumstances affecting the ability of Borrower to pay and perform Borrower's obligations to Trustee, Beneficiary and Secured Parties, and agrees that Trustee, Beneficiary and Secured Parties will have no duty to disclose to Guarantor and/or Non-Obligor any information which Trustee, Beneficiary or Secured Parties may receive about the financial condition, business operations, or any other circumstances bearing on the ability of Borrower to perform.

(f)  No provision or waiver in this Deed of Trust shall be construed as limiting the generality of any other provision or waiver contained in this Deed of Trust or the Guaranty.

24.  **Notices.** All notices, approvals, consents, and other communications, under this Deed of Trust ("Notices") must be given in accordance with and will be subject to the terms and provisions of the MCA. Notices must be mailed or delivered, if to Grantor, to the address adjacent Grantor's signature below; if to Trustee, to the address in the first paragraph of this Deed of Trust; if to Beneficiary or Lender, to 14767 N. Outer 40 Rd., Suite 400, Chesterfield, MO 63017, Attention: Loan Operations; if to Secured Parties other than Lender, c/o Rabobank, 245 Park Avenue, New York, NY 10167, Attention: Customer Service Representative; and in the case of any other Person, to the address designated by that Person in a notice to Grantor, Beneficiary, and Lender.

25.  **Request for Notice.** Grantor requests that a copy of any notice of default and any notice of sale be mailed to it at the address specified adjacent to its signature below.

26.  **Trustee and Beneficiary.** Without affecting the personal liability of any Person, including Grantor and Obligor/Borrower, for the payment of the Secured Obligations or the Lien of this Deed of Trust on the remainder of the Property for the unpaid amount of the Secured Obligations: (a) Beneficiary and Secured Parties may from time to time and without notice: (i) release any Person liable for payment of any Secured Obligation; (ii) extend the time for payment, or otherwise alter the terms of payment, of any Secured Obligation; (iii) accept additional real or personal property of any kind as security for any Secured Obligation, whether evidenced by deeds of trust, Mortgages, Security Agreements or any other instruments of security; or (iv) alter, substitute or release any property securing the Secured Obligations; and (b) Trustee may perform any of the following acts when requested to do so by Beneficiary or a Secured Party in writing: (i) consent to the making of any plat or map of the Property or any part of it; (ii) join in granting any easement or creating any restriction affecting the Property; (iii) join in any subordination or other agreement affecting this Deed of Trust or the Lien of it; or (iv) reconvey the Property or any part of it without any warranty.

27.  **Exculpation of Trustee and Beneficiary.** None of Trustee, Beneficiary or Secured Parties will be directly or indirectly liable to Grantor or any other Person as a consequence of any of the following: (a) the exercise of or failure to exercise any rights, remedies or powers granted to it in this Deed of Trust; (b) any failure or refusal to perform or discharge any obligation or liability of Grantor under any agreement related to the Property or under this Deed of Trust; or (c) any loss sustained by Grantor or any third party resulting from any failure to lease the Property or from any other act or omission in managing the Property after an Event of Default, unless the loss is caused by the gross negligence, wilful misconduct, or bad faith of Trustee, Beneficiary or Secured Parties, respectively. GRANTOR HEREBY EXPRESSLY WAIVES AND RELEASES ALL LIABILITY OF THE TYPES DESCRIBED ABOVE, AND AGREES THAT NO SUCH LIABILITY BE ASSERTED AGAINST OR IMPOSED UPON TRUSTEE, BENEFICIARY OR ANY SECURED PARTY.

28.  **Substitution of Trustee.** Beneficiary may substitute a successor to any Trustee named in or acting under this Deed of Trust in any manner now or later to be provided at Applicable Law.

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

4869-1901-2001, v. 2

11

BK 1231 PG0935

**29.** **Waiver of Dower, Homestead, and Distributive Share.** Grantor relinquishes all right of dower and waives all right of homestead and distributive share in and to the Property. Grantor waives any right of exemption as to the Property.

**30.** **Waiver of Certain Other Laws.** To the full extent Grantor may do so, Grantor agrees that Grantor will not at any time insist upon, plead, claim or take the benefit or advantage of any law now or hereafter in force providing for appraisement, valuation, stay, extension or redemption, and Grantor, for Grantor, and its representatives, successors and assigns, and for any and all Persons ever claiming any interest in the Property, to the extent permitted by law, hereby waives and releases all rights of redemption, valuation, appraisement, stay of execution, or notice of election to mature or declare due the whole of the Secured Obligations in the event of foreclosure of the Lien created by this Deed of Trust.

**31.** **Reconveyance.** When all Secured Obligations have been paid in full and the Hedging Agreements have been terminated, Trustee shall execute and deliver an instrument reconveying the Property, or so much of it as is then held under this Deed of Trust, without warranty to the Person or Persons legally entitled to it. In the reconveyance, the grantee may be described as "the Person or Persons legally entitled thereto," and the recitals of any matters or facts shall be conclusive proof of their truthfulness. Trustee, Beneficiary and Secured Parties will have no duty to determine the rights of Persons claiming to be rightful grantees of any reconveyance of the Property.

**32.** **Additional Provisions.** The Secured Obligation Documents state all of the terms and conditions of the parties' agreement regarding the matters mentioned in or incidental to this Deed of Trust. The Secured Obligation Documents also grant further rights to Beneficiary and Secured Parties and contain further agreements and affirmative and negative covenants by Grantor which apply to this Deed of Trust and to the Property.

**33.** **Collateral Agency Agreement.** This Deed of Trust is subject to the terms of the collateral agency agreement between the Secured Parties (the "Collateral Agency Agreement").

**34.** **Entire Agreement.** This Deed of Trust and the other Secured Obligation Documents collectively: (i) represent the sum of the understandings and agreements between Beneficiary, Secured Parties and Grantor concerning this credit; (ii) replace any prior oral or written agreements between Beneficiary, Secured Parties and Grantor concerning this credit; and (iii) are intended by Beneficiary, Secured Parties and Grantor as the final, complete and exclusive statement of the terms agreed to by them. In the event of any conflict between this Deed of Trust and any other agreements required by this Deed of Trust, this Deed of Trust will prevail.

**35.** **Other Acts.** Grantor shall cooperate with Beneficiary for the purposes of, and perform all acts which may be necessary or advisable to perfect any Lien provided for in this Deed of Trust or to carry out the intent of this agreement. Promptly (but in no event more than ten days) after request by Beneficiary, Grantor will execute, acknowledge and deliver any document which Beneficiary deems necessary or advisable for these purposes, and will, on demand, pay any expenses incurred by Beneficiary in the preparation, execution and filing of any such documents.

**36.** **No Waiver or Cure.** Each waiver by Trustee, Beneficiary or Secured Parties must be in writing, and no waiver is to be construed as a continuing waiver. No waiver is to be implied from any delay or failure by Trustee, Beneficiary or Secured Parties to take action on account of any default of Grantor. Consent by Trustee, Beneficiary or Secured Parties to any act or omission by Grantor must not be construed as a consent to any other or subsequent act or omission or to waive the requirement for Trustee's, Beneficiary's or Secured Parties' consent to be obtained in any future or other instance. The exercise by Trustee, Beneficiary or Secured Parties of any right or remedy under this Deed of Trust or the other Secured Obligation Documents or under Applicable Law, shall not: cure or waive a breach, Event of Default or notice of default under this Deed of Trust or invalidate any act performed pursuant to any such default or notice; or nullify the effect of any notice of default or sale (unless all Secured Obligations then due have been paid and performed and all other defaults under the Secured Obligation Documents, including any Hedging Agreements, have been cured); or impair the security of this Deed of Trust; or prejudice Trustee, Beneficiary, Secured Parties or any receiver appointed in accordance with this Deed of Trust, in the exercise of any right or remedy afforded any of them under this Deed of Trust; or be construed as an affirmation by Beneficiary or Secured Parties of any tenancy, lease or option, or a subordination of the Lien of this Deed of Trust.

**37.** **Waivers.** Grantor waives all rights, legal and equitable, it may now or hereafter have to require marshaling of assets or to require upon foreclosure sales of assets in a particular order. Grantor waives presentment, demand, protest, notice of protest and notice of dishonor and waives all exemptions as to the Secured Obligations. Grantor specifically waives

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

12

4860-1901-2001, v. 2

BOOK 1 1 1 0 PAGE 0 5 4 9

any rights afforded to it by §§49-25 and 49-26 of the Code of Virginia of 1950, as amended. Each successor and assign of Grantor, including any holder of a Lien subordinate to this Deed of Trust, by acceptance of its interest or Lien agrees that it shall be bound by the above waiver, as if it had given the waiver itself.

38.     **Joint and Several Obligations.** If Grantor consists of more than one Person, each Grantor (a) acknowledges and undertakes, together with the other Grantors, joint and several liability for the indebtedness, liabilities and obligations of Grantor under this Deed of Trust; (b) acknowledges that this Deed of Trust is the independent and several obligation of each Grantor and may be enforced against each Grantor separately, whether or not enforcement of any right or remedy hereunder has been sought against any other Grantor; and (c) agrees that its liability hereunder and under any other Secured Obligation Document shall be absolute, unconditional, continuing and irrevocable. GRANTOR EXPRESSLY WAIVES ANY REQUIREMENT THAT BENEFICIARY OR SECURED PARTIES EXHAUST ANY RIGHT, POWER OR REMEDY AND PROCEED AGAINST THE OTHER GRANTORS UNDER THIS DEED OF TRUST, OR ANY OTHER SECURED OBLIGATION DOCUMENTS, OR AGAINST ANY OTHER PERSON UNDER ANY GUARANTY OF, OR SECURITY FOR, ANY OF THE SECURED OBLIGATIONS.

39.     **Binding Effect; Successors and Assigns.** The Secured Obligation Documents shall inure to the benefit of and shall be binding upon the parties and their respective successors and assigns; provided that Grantor shall not assign its rights or obligations hereunder without Secured Parties' consent. Beneficiary and Secured Parties may transfer all or any portion of its rights under the Secured Obligation Documents to any other Person. Beneficiary and Secured Parties may disclose to any actual or proposed transferee any information that Grantor has delivered to Beneficiary and Secured Parties in connection with the negotiation of this Deed of Trust or pursuant to the Secured Obligation Documents; and Grantor shall cooperate fully with Beneficiary and Secured Parties in providing that information to any actual or proposed transferee.

40.     **Governing Law.** This Deed of Trust shall be governed exclusively by the Applicable Laws of the Commonwealth of Virginia (the "Governing Law State") without regard or reference to its conflict of laws principles. Grantor understands that the laws of the Governing Law State may differ from the laws of the state where Grantor resides or otherwise is located or where the Property is located. However, Grantor understands, agrees and acknowledges that (a) this Deed of Trust and the Secured Obligation Documents have significant and substantial contacts with the Governing Law State, (b) it is convenient to Grantor and Lender to select the law of the Governing Law State to govern this Deed of Trust and the transactions evidenced hereby, (c) the transactions evidenced by the MCA and this Deed of Trust bear a reasonable connection to the laws of the Governing Law State, (d) the choice of the internal laws of the Governing Law State was made for good and valid reasons, and (e) the choice of the Governing Law State constitutes good and valuable consideration for Secured Parties to enter into the Secured Obligation Documents and Secured Parties have entered into the Secured Obligation Documents in reliance on this choice.

41.     **JURISDICTION AND VENUE.** GRANTOR IRREVOCABLY AGREES THAT, AT THE OPTION OF BENEFICIARY, ALL ACTIONS, PROCEEDINGS OR COUNTERCLAIMS ARISING OUT OF OR RELATING TO THIS DEED OF TRUST OR ANY OTHER TRANSACTION DOCUMENT WILL BE LITIGATED IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY, IOWA, OR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA. GRANTOR IRREVOCABLY CONSENTS TO SERVICE, JURISDICTION, AND VENUE OF THOSE COURTS FOR ALL SUCH ACTIONS, PROCEEDINGS AND COUNTERCLAIMS AND WAIVES ANY OTHER VENUE TO WHICH IT MIGHT BE ENTITLED BY VIRTUE OF DOMICILE, HABITUAL RESIDENCE OR OTHERWISE.

42.     **Miscellaneous.** This Deed of Trust may be executed in counterparts, each of which will be an original and all of which together are deemed one and the same instrument. If Grantor is comprised of multiple Persons, any Person comprising Grantor is hereby authorized to bind all parties comprising Grantor. Beneficiary or Secured Parties may, at any time and without notice, waive any prior requirement that requests, authorizations, or other actions be taken only by a Designated Person. Time is of the essence of this Deed of Trust. Each Party has participated in negotiating and drafting this Deed of Trust, so if an ambiguity or a question of intent or interpretation arises, this Deed of Trust is to be construed as if the parties had drafted it jointly, as opposed to being construed against a Party because it was responsible for drafting one or more provisions of this Deed of Trust. Beneficiary is authorized to execute any other documents or take any other actions necessary to effectuate this Deed of Trust and the consummation of the transactions contemplated herein. This Deed of Trust may not be amended, changed, modified, altered or terminated without the prior written consent of Beneficiary and Secured Parties. Any provision of

Case 5:25-cv-00065-KDB-DCK     Document 1-16     Filed 04/29/25     Page 28 of 47

240001082.029

ᵍ69ﬂﬀᴕᴕ        ᴍᴍ1 1 1 8 ᴙᴇᴕ550

any Secured Obligation Document which is prohibited or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of that Secured Obligation Document or affecting the validity or enforceability of that provision in any other jurisdiction; except that if such provision relates to the payment of any monetary sum, then Beneficiary or Secured Parties may, at its option, declare all Secured Obligations immediately due and payable. No merger shall occur as a result of Beneficiary's or Secured Parties' acquiring any other estate in or any other Lien on the Property. All rights and remedies under this Deed of Trust and the Secured Obligation Documents are cumulative, and the exercise of any one or more of them does not constitute an election of remedies.

43.    INDEMNIFICATION. GRANTOR SHALL DEFEND, INDEMNIFY AND HOLD TRUSTEE, BENEFICIARY AND SECURED PARTIES AND THEIR OFFICERS, DIRECTORS, EMPLOYEES, PARTNERS, AGENTS AND ATTORNEYS (THE "INDEMNIFIED PERSONS") HARMLESS AGAINST ANY AND ALL LOSSES OF ANY KIND OR NATURE WHATSOEVER THAT MAY BE IMPOSED ON, INCURRED BY, OR ASSERTED AGAINST THE INDEMNIFIED PERSONS (A) ARISING OUT OF OR RESULTING FROM THE VIOLATION OF ANY ENVIRONMENTAL LAW; OR (B) ARISING OUT OF CLAIMS ASSERTED AGAINST THE INDEMNIFIED PERSONS AS A RESULT OF TRUSTEE, BENEFICIARY OR SECURED PARTIES BEING PARTY TO THIS DEED OF TRUST OR THE TRANSACTIONS CONSUMMATED PURSUANT TO THIS DEED OF TRUST; except that Grantor shall have no obligation to an Indemnified Person under this section with respect to Losses resulting from the gross negligence or willful misconduct of that Indemnified Person as determined by a court of competent jurisdiction. If and to the extent that an Indemnity is unenforceable for any reason, Grantor shall be obligated to make the maximum contribution to the payment and satisfaction thereof which is permissible under Applicable Law. THE PROVISIONS OF ALL INDEMNITIES SHALL SURVIVE THE TERMINATION OF THIS DEED OF TRUST.

44.    WAIVER OF TRIAL BY JURY. GRANTOR AND, BY ACCEPTANCE HEREOF, BENEFICIARY (A) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY IN ANY ACTION OR PROCEEDING FOR THE RESOLUTION OF ANY CONTROVERSY OR CLAIM THAT ARISES OUT OF OR RELATES TO: (I) THIS DEED OF TRUST; OR (II) ANY SECURED OBLIGATION DOCUMENT, WHETHER ARISING IN CONTRACT, TORT OR BY STATUTE (INDIVIDUALLY AND COLLECTIVELY, A "CONTROVERSY OR CLAIM"); AND, (B) TO THE EXTENT PERMITTED BY APPLICABLE LAW, WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CONTROVERSY OR CLAIM TO THE EXTENT SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THE PROVISIONS OF THIS SECTION ARE GIVEN KNOWINGLY AND VOLUNTARILY, AND ARE A MATERIAL INDUCEMENT FOR THE PARTIES ENTERING INTO THE SECURED OBLIGATION DOCUMENTS.

45.    Substitution of Trustee. Beneficiary has the irrevocable right and power to substitute without cause or notice a trustee or trustees in the place of any Trustee named under this Deed of Trust. This power of appointment and substitution may be exercised at any time hereafter and as many times as Beneficiary, its successors or assigns, may desire. Such substitute Trustee(s) shall be vested with the same titles and powers as are granted herein to the original Trustee. Nothing herein contained shall deprive Beneficiary of its right to apply for and receive any relief regarding the Trustee thereunder which is now, or which may hereafter be, provided for by the internal laws of the jurisdiction in which the Property is located or applicable federal law.

46.    .   Short Form Provisions. This Deed of Trust, without regard for the place of contract, advance of funds or payment, shall be governed, construed and enforced according to the laws of the Commonwealth of Virginia, with reference to Articles 2 and 3, Chapter Four, Title 55.1 of the Code of Virginia of 1950, as amended, and with such further understandings in short form as provided therein, including the following provisions:

(a)    Advertising Required: Advertisement of the time, place and terms of sale for three days, in consecutive issues of a newspaper having general circulation in the city or county where the Property or some part thereof is located, after the giving of prior notice as prescribed by law.

(b)    Exemptions waived.

(c)    Subject to call upon default.

(d)    Renewal, extensions or reinstatement permitted.

(e)    Substitution of Trustee permitted with or without cause.

(f)    Any Trustee may act.

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

14

4869-1901-2001, v. 2

240001082.030

BK 1291/0065　BOOK 1110 PG 0551

(Signature Pages to Follow)

BK 1231 PG 0938

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement
15
4869-1901-2001, v. 2

DOOK 1110 PAGE0552

Grantor is signing this Deed of Trust effective as of the day and year first written above.

GRANTORS:

Address for Notices:
407 Lumber Lane
Independence, VA 24348
[SEAL]

**WESCOR FARM OPERATIONS, LLC**, a Virginia limited liability company

By: _____
Joseph Randall Eller
Member/Manager

Address for Notices:
192 Summer Street
Jefferson, NC 28640

_____[SEAL]
JOSEPH RANDALL ELLER, an individual

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**GRAYSON FARM & LEASING, INC.**, a Virginia corporation

By: _____
Joseph Randall Eller
President

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**MOUNTAIN TOP HOLDING OF VIRGINIA/NORTH CAROLINA, L.L.C.**, a Virginia limited liability company

By: _____
Joseph Randall Eller
Member/Manager

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**DD&R LAND HOLDINGS, LLC**, a Virginia limited liability company

By: _____
Joseph Randall Eller
Member/Manager

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**NORD LAND HOLDINGS, LLC**, a Virginia limited liability company

By: _____
Joseph Randall Eller

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

15

240001082.032

BOOK 1110 PAGE 0553

Member/Manager

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**D&R LAND HOLDINGS, LLC,** a Virginia limited liability company

By: _____
Joseph Randall Eller
Member/Manager

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**TIMBER & LOGGING, LLC,** a North Carolina limited liability company

By: _____
Joseph Randall Eller
Manager

Address for Notices:
604 W. Main Street
Independence, VA 24348-4426
[SEAL]

**ELK CREEK LAND HOLDINGS, LLC,** a North Carolina limited liability company

By: _____
Joseph Randall Eller
Manager

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

16

240001082.033

BK 1231 PG 0594

BOOK 1110 PAGE 0554

COMMONWEALTH OF VIRGINIA ) SS
COUNTY OF Grayson )

I, the undersigned Notary Public of the County and State aforesaid, certify that **JOSEPH RANDALL ELLER** personally appeared before me this day and acknowledged that he is a Member Manager of Wescor Farm Operations, LLC, a Virginia limited liability company, and that by authority duly given and as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

(official signature of Notary)
Sandra Chandler Owens Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25
7576031

COMMONWEALTH OF VIRGINIA ) SS
COUNTY OF Grayson )

I I, the undersigned Notary Public of the County and State aforesaid, certify that **JOSEPH RANDALL ELLER** personally appeared before me this day and signed the foregoing instrument. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

(official signature of Notary)
Sandra Chandler Owens, Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25
7576031

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

17

240001082.034

BK 1231 PG 0942

COMMONWEALTH OF VIRGINIA )
) SS
COUNTY OF Grayson )

I, the undersigned Notary Public of the County and State aforesaid, certify that JOSEPH RANDALL ELLER personally appeared before me this day and acknowledged that he is the President of Grayson Farm & Leasing, Inc., a Virginia corporation, and that by authority duly given as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

(official signature of Notary)
Sandra Chandler Blevins, Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25

7576031

COMMONWEALTH OF VIRGINIA )
) SS
COUNTY OF Grayson )

I, the undersigned Notary Public of the County and State aforesaid, certify that JOSEPH RANDALL ELLER personally appeared before me this day and acknowledged that he is a Member Manager of Mountain Top Holding of Virginia/North Carolina, L.L.C., a Virginia limited liability company, and that by authority duly given as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

(official signature of Notary)
Sandra Chandler Blevins, Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25

7576031

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

18

240001082.035

BK 1231 PG 0943

COMMONWEALTH OF VIRGINIA )
) SS
COUNTY OF Grayson )

I, the undersigned Notary Public of the County and State aforesaid, certify that JOSEPH RANDALL ELLER personally appeared before me this day and acknowledged that he is a Member Manager of DD&R Land Holdings, LLC, a Virginia limited liability company, and that by authority duly given and as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

(Official Seal)

_Sandra Chandler Blevins_
(official signature of Notary)
Sandra Chandler Blevins Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25

7576031

COMMONWEALTH OF VIRGINIA )
) SS
COUNTY OF Grayson )

I, the undersigned Notary Public of the County and State aforesaid, certify that JOSEPH RANDALL ELLER personally appeared before me this day and acknowledged that he is a Member Manager of NDRD Land Holdings, LLC, a Virginia limited liability company, and that by authority duly given and as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

(Official Seal)

_Sandra Chandler Blevins_
(official signature of Notary)
Sandra Chandler Blevins , Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25

7576031

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

19

691:30552          BOOK I I I 0 PAGE 0557

COMMONWEALTH OF VIRGINIA )
                        ) SS
COUNTY OF Grayson )

BK 1 2 3 I PG 0 9 4 4

    I, the undersigned Notary Public of the County and State aforesaid, certify that **JOSEPH RANDALL ELLER** personally appeared before me this day and acknowledged that he is a Member Manager of D&R Land Holdings, LLC, a Virginia limited liability company, and that by authority duly given and as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/24

Sandra Chandler Blevins
(official signature of Notary)
Sandra Chandler Blevins, Notary Public
(Notary's printed or typed name)

(Official Seal)

My commission expires: 4/30/25

7576031

COMMONWEALTH OF VIRGINIA )
                        ) SS
COUNTY OF Grayson )

    I, the undersigned Notary Public of the County and State aforesaid, certify that **JOSEPH RANDALL ELLER** personally appeared before me this day and acknowledged that he is a Manager of Timber & Logging, LLC, a North Carolina limited liability company, and that by authority duly given and as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30th day of January, 2024.

Date: 1/30/25

Sandra Chandler Blevins
(official signature of Notary)
Sandra Chandler Blevins Notary Public
(Notary's printed or typed name)

(Official Seal)

My commission expires: 4/30/25

7576031

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

20

240001082.037

COMMONWEALTH OF VIRGINIA ⟩
⟩ SS
COUNTY OF Grayson ⟩

I, the undersigned Notary Public of the County and State aforesaid, certify that **JOSEPH RANDALL ELLER** personally appeared before me this day and acknowledged that he is a Manager of Elk Creek Land Holdings, LLC, a Virginia limited liability company, and that by authority duly given and as and as an act of such entity, he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 30ᵗʰ day of January, 2024.

Date: 1/30/24

(Official Seal)

Sandra Chandler Blevins
(official signature of Notary)
Sandra Chandler Blevins, Notary Public
(Notary's printed or typed name)

My commission expires: 4/30/25

7576031

Randall Eller MCA 2023
Deed of Trust, Assignment of Rents and Security Agreement

21

BK 123 PG 0445

Eller MCA 2024
DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

**Legal Description of Real Estate**

Floyd, Patrick, Smyth, Grayson and Carroll Counties, Virginia

(WITHOUT TITLE EXAMINATIONS)

**Tracts One through Six: Mountain Meadows Dairy Property (Patrick and Floyd Counties):**

Lying and being in the BLUE RIDGE MAGISTERIAL DISTRICT OF PATRICK COUNTY, VIRGINIA, TAX MAP #'S 4214-52-A; 4214-52-B; 4214-52-C; 4214-71, and the BURKS FORK MAGISTERIAL DISTRICT OF FLOYD COUNTY, VIRGINIA, TAX MAP #'S 79-95 & 79-97 and more particularly described as follows:

TRACT 1: Containing 7.2944 acres, as shown on Page 1 of the survey entitled "MOUNTAIN MEADOWS DAIRY, LLC" prepared by Fork Mountain Surveying & Mapping, Inc., dated February 7, 2012, of record in the Clerk's Office of the Circuit Court of Patrick County, Virginia, as Instrument Number 1200317;

TRACT 2: Containing 7.4267 acres as shown on Page 1 of the survey entitled "MOUNTAIN MEADOWS DAIRY, LLC" prepared by Fork Mountain Surveying and Mapping, Inc., dated February 7, 2012, of record in the Clerk's Office of the Circuit Court of Patrick County. Virginia, as Instrument Number 1200317;

TRACT 3: Containing 16.3519 acres as shown on Page 2 of the survey entitled "MOUNTAIN MEADOWS DAIRY, LLC" prepared by Fork Mountain Surveying and Mapping, Inc., dated February 7, 2012, of record in the Clerk's Office of the Circuit Court of Patrick County, Virginia, as Instrument Number 1200317;

TRACT 4: Containing 26.8968 acres as shown on that survey entitled "HURRICANE RIDGE DAIRY FARM, INC." prepared by Fork Mountain Surveying and Mapping, Inc., dated June 8, 2009, of record in the Clerk's Office of the Circuit Court of Patrick County, Virginia, as Instrument Number 0901623;

TRACT 5: Containing 65.7885 acres as shown on that survey entitled "MOUNTAIN MEADOWS DIARY, LLC" prepared by Fork Mountain Surveying and Mapping, Inc. Dated February 7, 2012 of record the Clerk's Office of the Circuit Court of Floyd County as Instrument Number 1200260; and

TRACT 6: Containing 4.63 ACRES as shown on that survey entitled "HURRICANE RIDGE DIARY FARM, INC." prepared by Fork Mountain Surveying and Mapping, Inc. Dated June 8, 2009 of record in the Clerk's's Office of the Circuit Court of Floyd County, Virginia as Instrument number 0901181.

Tracts 1, 2, 3, 4, 5, & 6 being all of the same property conveyed to Grayson Farms & Leasing, Inc., a Virginia corporation, by deed dated January 14, 2020, by Mountain Meadows Dairy, LLC, a Virginia limited liability company, which deed is of record in the Clerk's Office of the Circuit Court of Patrick County, Virginia, as Instrument Number 20-129, and of record in the Clerk's Office of the Circuit Court of Floyd County, Virginia, as Instrument Number 200000153. Reference to said surveys and deed is hereby made for a more complete description and for chair of title to the property herein conveyed.

This conveyance is subject to and includes all easements, covenants, and restrictions of record as the same may lawfully apply to the property herein conveyed.

4889-1901-2001, v. 2

240001082.039

BK1231PG0041

`911 `555    `31110 `20560

Tract Seven: Parcel Nos. 4214-53-B and 4214-53-C (Patrick County)

TRACT ONE: BEING 13.5316 ACRES as shown on that survey entitled "Hurricane Ridge Dairy Farm, Inc." prepared by Fork Mountain Surveying and Mapping, Inc. dated August 12. 2009 recorded in the Clerk's Office of the Circuit Court of Patrick County, Virginia, as Instrument Number 1001369.

And being the same property as conveyed by deed from GJB, INC. a Virginia Corporation to WESCOR FARMING, LLC, a Virginia Limited Liability Company in the Clerk's Office of the Circuit Court of Patrick County, Virginia, as Instrument Number 200001770.

TRACT TWO. BEING 30.9017 ACRES as shown on that survey entitled "WESCOR FARMING, LLC" prepared by Fork Mountain Surveying and Mapping, Inc. dated August 27, 2020 to be recorded in the Clerk's Office of the Circuit Court of Patrick County, Virginia as Instrument Number 200001771

Reference to the aforesaid deed and survey is here made for a more complete description of the property herein conveyed and for chain of title.

This property is SUBJECT to such restrictions, rights-of-way or easements for access by others or utilities which are of record in the Clerk's Office, shown on the aforesaid survey, or are apparent to observation.

Tract Eight: Parcel No. 73A-4-5-6 (Grayson County)

BEING TRACT 6, CONTAINING 0.904 ACRES MORE PARTICULARLY SHOWN ON A PLAT OF SUBDIVISION OF "J. Hoyt Osborne and Glenna Duncan Osborne, 11.918 acres located on U. S. Route 58...", made by David B. Scott, L.S., dated October 24, 2003, and recorded in the Clerk's Office of the Circuit Court of Grayson County, Virginia, in Plat Drawer M-1487.

AND BEING the same property conveyed to the Grantors herein by deed dated December 15, 2003, and recorded in Deed Book 418, at page 287, in the Clerk's Office of the Circuit Court of Grayson County, Virginia.

THERE IS HEREBY conveyed and this conveyance is subject to an easement for ingress and egress over the existing concrete drive which runs along the common boundary between Tract 4 and Tract 3 (Shown as "Restaurant Building/Mill Building") on the hereinabove referenced Scott Survey. This easement is for the benefit of the herein conveyed property as well as Tract 3 and 4, with the express understanding that the owner of the herein conveyed Tract 6 shall be entitled to use the portion of the Concrete drive which runs along the southerly boundary of Tract 4 where it adjoins Tract 6 for parking for the benefit of the Motel Building located on Tract 6. The Grantee agrees that it shall snare equally in the periodic maintenance expenses for taking care of the concrete drive area including snow removal.

Tract Nine: Parcel No. 73A4-5-3 (Grayson County)

Track 1, containing 0.201 acres and Tract 2, containing 0.301 acres as more particularly shown on plat of subdivision of "'J. Hoyt Osborne and Glenna Duncan Osborne, 11.918 acres located on U. S. Route 58...", made by David B. Scott, L.S., dated October 24, 2003, and recorded in the Clerk's Office of the Circuit Court of Grayson County, Virginia. in Plat Drawer M-1487.

BEING a portion of the some property conveyed to the Grantors herein from J. Hoyt Osborne to Glenna D. Osborne, by deed dated May 9, 2001. and recorded in the aforesaid Clerk's Office, in Deed Book 369, Page 805.

Tract Ten: Parcel No. 75-A-2 (Grayson County)

BEING that certain parcel or tract of land containing 15.477 acres, according to the survey of Bunn Engineering dated September 10, 1993. (For a more complete description of the property herein conveyed, see Deed Book 331, page 431 in the Clerk's Office of the Circuit Court of Grayson County, Virginia.

4869-1901-2001, v. 2

AND BEING the same property conveyed to the Grantor herein by Deed Dated May 21, 1998, and recorded in Deed Book 331, at page 431, in the aforesaid Clerk's Office.

Tract Eleven: Parcel No. 75-A-2A (Grayson County)

BEING that certain tract or parcel of land containing 5.554 acres, more or less. (For further description see Deed Book 327, Page 825, in t he Clerk's Office of the Circuit Court of Grayson County, Virginia). AND BEING the same property that was conveyed to the Grantor by Deed Dated January 19, 1998, and recorded in Deed Book 327, at page 825, in the aforesaid Clerk's Office.

Tract Twelve and Thirteen: Parcels 30-A-18A and 30-A-18E (Grayson County)

Parcel ID No. 30-A-18A:

Parcel A: Consisting of two (2) certain tracts, to-wit:

TRACT No. 1, ORIGINALLY CONTAINING 72.9 Acres, more or less, as shown on that certain plat of survey entitled "Property of R. L. Hoffman," which plat is of record in the Grayson County Circuit Court Clerk's Office as Map M-372 and incorporated herein by reference thereto; and

BEING that part of Grayson County Tax Parcel 30-A-18 which is located on the southerly side of Virginia Secondary Route 739 (Rocky Hollow Road); and

TRACT No. 2, CONTAINING 30.005 Acres, more or less, as shown on said plat which is incorporated herein by reference thereto; and

BEING the same real property conveyed to Grantor by deed dated June 2, 2023, from Mountain Top Holding of Virginia/North Carolina, L.L.C., a Virginia limited liability company, which is recorded in the Clerk's Office of the Circuit Court for the County of Grayson, Virginia, in Deed Book 683, page 396.

Parcel ID Nos. 30-A-18E (Grayson County)

Parcel B: CONSISTING of two (2) tracts, to-wit:

TRACT #1 – "BEING that tract designated as '50.209 ac +/-, Alta S. Hoffman' on map or plat drawn by R. L. Hoffman bearing dated of October, 1978," and

TRACT #2, "BEING that tract or parcel of land shown on the hereinabove referenced map or plat as '0.617 ac +/-, Alta S. Hoffman' tract" and

PARCEL B ORGINALLY BEING that part of Grayson County Tax Parcel 30-A-18 which is located on the northerly side of Virginia Secondary Route 739 (Rocky Hollow Road); and

BEING THE REMAINDER OF THE LAND conveyed to R. L. Hoffman from Alta X. Hoffman, et al., by deed dated October 31, 1984, which deed is recorded in the aforesaid Clerk's Office in Deed Book 205, page 34; and

PARCELS A AND B BEING PART of the land devised under the Last Will and Testament of Robert Lance Hoffman, Sr. (who is one and the same person as R. L. Hoffman and Robert L. Hoffman). to Donna Barton Hoffman. his wife said Will being of record in the aforesaid Clerk's Office in Will Book 33, page 685.

THERE IS EXCEPTED AND EXCLUDED all that certain real property, and all improvements thereto, located at 481 Rocky Hollow Road, Troutdale, VA, being the house and yard located on the southerly side of the said Rocky Hollow Road, and the buildings and surrounding grounds located on the northerly side of the said road across from the said house and yard (being part of Grayson County Tax parcel 30-A-18). This property is depicted on the survey of D. B.

4869-1901-2001, v. 2

0911 1567          BK 1110 PG0962

BK 1231 PG0940

Dudley & Associates, Licensed Land Surveyors, Job No. 8043D, entitled "Showing Property to be Retained for:/Donna Barton Hoffman" and recorded with that deed dated May 3, 2018, which is recorded in the Clerk's Office of the Circuit Court for the County of Grayson, Virginia, in Deed Book 616, page 523. Said survey depicts two (2) parcels, containing 0.697 and 0.728 Acres, more or less, respectively, which are retained by Donna Barton Hoffman.

There is also excepted and excluded the following tracts or parcels of land:

1.      That certain 1.0-acre tract conveyed to Danatha Hoffman Helm by deed dated December 9 , 1993, which deed is of record in the aforesaid Clerk's Office in Deed Book 285, Page 332 (being Grayson County Tax Parcel 30-A-18C).

2.      That certain 1.0-acre tract conveyed to Charles Reeves Hoffman by deed dated October 31, 1984, which deed is of record in the aforesaid Clerk's Office in Deed Book 205, Page 37 (being Grayson County Tax Parcel 30-A-18B).

3.      That certain cemetery located on parcel 2, Tract #1, along with a 20-foot wide right-of-way to access same, said right-of-way being for the benefit of all who have relatives buried therein. Said cemetery is subject to additional person being buried there.

BEING the same real property conveyed to Grantor by deed dated June 2, 2023, from Mountain Top Holding of Virginia/North Carolina, L.L.C., a Virginia limited liability company, which is recorded in the Clerk's Office of the Circuit Court for the County of Grayson, Virginia, in Deed Book 683, page 396.

### Tract Fourteen:  Parcel No. 79-96 (Floyd County)

BEING 47.1689 acres lying and being in Laurel Fork Magisterial District in Carroll County, Virginia, and in Burks Fork Magisterial District in Floyd County, Virginia, and being that 91.5530 acre tract as shown on survey recorded at 10-1699B in the Circuit Court Clerk's Office of Floyd County, Virginia, and Plat Cabinet 2, Slide 2171, page 6 in the Clerk's Office of the Circuit Court of Carroll County, Virginia, LESS AND EXCEPT an off-conveyance of 65.8775 acres to Mountain Meadows Dairy, LLC that included 16.3519 acres in Patrick County, Virginia, and 28.0322 acres in Floyd County, Virginia takes from the 91.5530 acre tract as shown on that survey entitled "MOUNTAIN MEADOWS DAIRY, LLC, February 7, 2012 prepared by Fork Mountain Surveying and Mapping, Inc. recorded as Instrument Number 1200317 in Carroll County, Virginia, and Instrument Number 1200260 in Floyd County, Virginia, leaving 21.9930 acres in Floyd County, Virginia, and 25.1756 acres in Carroll County;

Subject to a joint nonexclusive easement of right of way through the lands conveyed for access to the remaining 32.5684 acre tract from Hurricane Ridge Road, State Route 634; and

BEING the same real property conveyed to Grantor by deed dated June 2, 2023, from Mountain Top Holding Of Virginia/North Carolina, L.L.C., a Virginia limited liability company, which is recorded in the Clerk's Office of the Circuit Court for the County of Floyd, Virginia as Instrument Number 230000878.

### Tract Fifteen:  Parcel 106-A-20 (Carroll County)

BEING 47.1689 acres lying and being in Laurel Fork Magisterial District in Carroll County, Virginia, and in Burks Fork Magisterial District in Floyd County, Virginia, and being that 91.5530 acre tract as shown on survey recorded at 10-1699B in the Circuit Court Clerk's Office of Floyd County, Virginia, and Plat Cabinet 2, Slide 2171, page 6 in the Clerk's Office of the Circuit Court of Carroll County, Virginia, LESS AND EXCEPT an off-conveyance of 65.8775 acres to Mountain Meadows Dairy, LLC that included 16.3519 acres in Patrick County, Virginia, and 28.0322 acres in Floyd County, Virginia takes from the 91.5530 acre tract as shown on that survey entitled "MOUNTAIN MEADOWS DAIRY, LLC, February 7, 2012 prepared by Fork Mountain Surveying and Mapping, Inc. recorded as Instrument Number 1200317 in Carroll County, Virginia, and Instrument Number 1200260 in Floyd County, Virginia, leaving 21.9930 acres in Floyd County, Virginia, and 25.1756 acres in Carroll County;

Subject to a joint nonexclusive easement of right of way through the lands conveyed for access to the remaining 32.5684 acre tract from Hurricane Ridge Road, State Route 634; and

4869-1901-2001, v. 2

240001082.042

BEING the same real property conveyed to Grantor by deed dated June 2, 2023, from Mountain Top Holding Of Virginia/North Carolina, L.L.C., a Virginia limited liability company, which is recorded in the Clerk's Office of the Circuit Court for the County of Wythe, Virginia as Instrument Number 230001722.

Tract Sixteen: Parcel No. 18-A-84 (Carroll County) Pine Creek District

BEGINNING at a point in Taylor's line, thence the line of Roscoe Crowder to a water oak in Edd Myers line in the line fence; thence with a fence to Highway No. 52; thence the said Highway to a white oak in Taylor's line and with Taylor's line to the BEGINNING, containing seven acres, more or less; and

BEING the same real property conveyed to Grantor by deed dated June 2, 2023, from Mountain Top Holding Of Virginia/North Carolina, L.L.C., a Virginia limited liability company, which is recorded in the Clerk's Office of the Circuit Court for the County of Carroll, Virginia as Instrument Number 230001722.

Tract Seventeen:  Parcel No. 18-A-78 (Carroll County)

BEING that tract of approximately 18 acres conveyed to Alvin R. Caviness from R. P. Taylor and Mamie S. Taylor, husband and wife, by deed dated October 27, 1962, which deed is a matter of record in the Clerk's Office of the Circuit Court of Carroll County, Virginia, in Deed Book 128, at Page 38, to which reference is hereby made for chain of title; and

BEING the same real property conveyed to Grantor by deed dated June 2, 2023, from Mountain Top Holding Of Virginia/North Carolina, L.L.C., a Virginia limited liability company, which is recorded in the Clerk's Office of the Circuit Court for the County of Carroll, Virginia as Instrument Number 230001722.

Tract Eighteen:  Parcel No. 49-A-139 (Carroll County)

BEGINNING at a Virginia Department of Transportation right of way monument located in the Western right of way line of Virginia Route 620 and a corner to the property of McKnight Oil Company, thence leaving Virginia Route 620 and with the McKnight line, S 87 deg. 01' 20" W. 417.30 feet to an iron pin set in the northeastern line of Interstate 77; thence with the northwestern right of way line of Interstate 77, N 43 deg. 04' 30" W. 151.44 feet to a Virginia Department of Transportation monument; thence continuing therewith upon a curve having Delta-16 deg. 21' 34" Rt., R-1666.95. L=475.96 feet, upon a chord bearing N 37 deg. 07' 10" W. 474.34 feet to a Virginia Department of Transportation right of way monument; thence continuing therewith, N 28 deg. 56' 20" W. 98.34 feet to an iron pin found and a corner to Iva L. Alexander, et al, thence with the Alexander line, N 01 deg. 11' 44" W. 429.13 feet to an iron pin found and a corner to Pleasant H. Kenny, thence with the Kenny line, S 81 deg. 14' 00" E. 1232.46 feet to a Virginia Department of Transportation right of way monument set in the western line of Virginia Route 620, thence with the western line of Virginia Route 620 and binding thereon, S 20 deg . 17' 50" W. 413.15 feet: to a Virginia Department of Transportation right of way monument; thence continuing therewith, S 29 deg. 40' 30" W. 201.80 feet to a Virginia Department of Transportation on right of way monument; thence continuing therewith, S 25 deg. 46' 50" W. 257.20 feet to the point of the BEGINNING, and containing 19.439 acres, more or less, as shown upon a plat of survey by T. G. Slusher, L.L.S . No, 1362, dated November 13, 1989, and revised May 3, 1990, and revised May 16, 1990, entitled "UBERT L. FROST, SR:, Survey No. 2030; and being a part of Tract "Third" conveyed to Ubert L. Frost, Jr. by Ubert L. Frost, Sr., by Deed dated June 22, 1987, and recorded in Deed Book 397 at Page 382, Carroll County Circuit Court Clerk's Office, and further including such interest in the aforesaid property acquired by Ubert L. Frost, Jr., by Deed from Ubert L. Frost, Sr. dated July 11, 1990, to be recorded immediately prior to the recordation of this Deed, and further including such interest. in the aforesaid property acquired by Ubert L. Frost, Jr., by Gift Deed from Ubert L. Frost, Sr., dated, July 11, 1990, to be also recorded immediately prior to the recordation of this Deed reference to the aforesaid survey and Deeds being hereby made for a more complete description and for chain of title to the property herein conveyed.

The aforesaid property acquired by JAMES M, VANNOY, WILLIAM F, VANNOY, and RANDALL ELLER, by Deed from UBERT L, FROST, JR, and wife, BRENDA JANE FROST, dated July 31, 1990 and referenced in Deed Book 399, Page 446, Carroll County Circuit Court Clerk's Office .

4869-1901-2001, v. 2

240001082.043

091 0559       88;110 60564

BK 1231 PG0095

**Tract Nineteen: Parcel No. 33-A-9 (Smyth County)**

That certain tract or parcel of land being the western one-half of the 217 acre tract located about 5 miles north of Marion, Virginia, on the south side of Walker's Mountain, and being known as a part of the "Lindsey Tract" and further described as follows:

Bounded on the north by the top of Walker's Mountain, on the south by the old Shannon Gap Road, on the west by the former C. M. Poston and Rebecca Poston home tract, and on the east by new division line as follows:

Beginning at a large solid rock located in the northern or upper side of the old Shannon, Gap Road located about 65-2/3rds rods west of the J. G. Trail and Susie Trail line; thence northwardly in a straight line in the same direction and parallel to the J. G. Trail and Susie Trail line to a point on the top of Walker's Mountain and said point is designated by an iron pin.

The aforesaid property is the same property conveyed to Donald G. Hammer by Waymeth E. Smith et al by deed dated April 11, 1977, and recorded in the Clerk's Office of Smyth County, Virginia, in Deed Book 284, Page 1.

This property is subject to a right to secure water from a spring granted Charles W. Poston by Joseph Calvin Poston et ux by deed dated April 1, 1946, and recorded in the Clerk's Office of Smyth County, Virginia, in Deed Book 92, Page 596.

**Tract Twenty: Parcel No. 33-A-4A (Smyth County)**

That certain tract or parcel of land lying and being in Park District, Smyth County, Virginia, about five miles north of Marion on the south side of Walker's Mountain known as and being part of the Lindsey Tract, and according to the Commissioner of Revenue of Smyth County, Virginia, contains 105.50 acres, and being the remainder of the same property conveyed to Goldie Poston by C.M. Poston et ux by deed dated July 9, 1947, and recorded in the Clerk's Office of Smyth County, Virginia, in Deed Book 97. Page 480.

**Tract Twenty-One: Parcel No. 11-A-36 (Smyth County)**

| M. District | Acres | Tax Map # | Deed Book & Page |
|---|---|---|---|
| North Fork | 105.1 | 11-A-36 | Book 719, Page 42 |

(for further reference, see Deed Book 763, Page 00621)

**Tract Twenty-Two: Parcel No. 38-A-38B (Grayson County)**

Being ½ undivided interest in that certain tract or parcel of land containing 107.35 acres, more or less, and being the reminder of the land conveyed to Dean W. Carico and Sheila B. Carico, his wife, by deed dated March 15, 1994 from Claude A. W1ight, et ux., which deed is recorded in the aforesaid Clerk's Office in Deed Book 284, Page 406. ½ Undivided interest was conveyed unto Joseph Randall Eller by Deed dated March 25, 1994 and recorded in Deed Book 284, at page 766 in the aforesaid Clerk's Office. (Tax Map #38-A-38B)

**Tract Twenty-Three: Parcel No. 73A2-2-2, 3 (Grayson County)**

BEING that certain tract or parcel of land containing 0.188 of an acre, more or less, as shown on a plat of survey entitled "Plat Of Survey For Harry C. Sutherland Showing Property of June C. Sutherland Town Of Independence Grayson County, Virginia," by J.L. Zeh, LLS, dated September 23, 2021, a copy of which is thereto attached as Exhibit "A";

AND BEING the same land conveyed to June C. Sutherland by deed dated April 11, 1947 from T.H. Todd and Mrs. Kayo P. Todd, his wife, which deed is recorded in the Clerk's Office of the Circuit Court of Grayson County, Virginia, in Deed Book 93, Page 275.

**Tract Twenty-Four: Parcel No. 73A4-A-1A (Grayson County)**

BEING a tract of land containing four (4) acres, more or less and being an of the land described in Deed dated January 29, 1984 from Robert L. McMillian, et. ux, to James Paul McMillian, and of record in the office of the Clerk of

4869-1901-2001, v. 2

240001082.044

591 560          117 0565

BK 1231 P609952

Circuit Court of Grayson County, Virginia, in Deed Book 156, at Page 413, EXCEPT the portion thereof which is retained by James Paul McMillian, containing 1.58 acres, more or less, as shown by a survey of J.L. Zeh, C.L.S.. dated October 3, 1984.

The above described property is the same property conveyed from Arden Solar, LLC to Timber & Logging, LLC in deed recorded in Book 654 Page 965, Grayson County Clerk of Circuit Court. Also see map attached to deed recorded in Book 204, Page 771, Grayson County Clerk of Circuit Court for a more particular description of said exception listed above.

```
INSTRUMENT 240000406
RECORDED IN THE CLERK'S OFFICE OF
CARROLL COUNTY CIRCUIT COURT ON
FEBRUARY 9, 2024 AT 11:49 AM
GERALD R. GOAD, CLERK
RECORDED BY: GRG
```

```
INSTRUMENT 240000216
RECORDED IN THE CLERK'S OFFICE OF
GRAYSON CIRCUIT COURT ON
FEBRUARY 9, 2024 AT 10:37 AM
INSTRUMENT 240000321 NESTER, CLERK
RECORDED IN THE CLERK'S OFFICE BY: MLW
SMYTH CIRCUIT COURT ON
FEBRUARY 9, 2024 AT 09:07 AM
JOHN H. GRAHAM, CLERK
RECORDED BY: MLW
```

DELIVERED

FEB 0 9 2024

Deanna Smith

4869-1901-2001, v. 2

240001082.045

INSTRUMENT 240000227
RECORDED IN THE CLERK'S OFFICE OF
FLOYD CIRCUIT COURT ON
FEBRUARY 9, 2024 AT 03:09 PM
RHONDA T. VAUGHN, CLERK
RECORDED BY: JPM

INSTRUMENT 240000229
RECORDED IN THE CLERK'S OFFICE OF
PATRICK COUNTY CIRCUIT COURT ON
FEBRUARY 9, 2024 AT 03:44 PM
NORMAN E. VOLPE, CLERK
RECORDED BY: NEV

INSTRUMENT # 240001082
E-RECORDED IN THE CLERK'S OFFICE OF
WASHINGTON COUNTY ON
MARCH 19, 2024 AT 02:24PM

TRICIA S. MOORE, CLERK
RECORDED BY: BPB