Complaint Exhibit 20

EXECUTION VERSION

<u>Obligation No. 22117154 (Operating Line of Credit 1)</u>
<u>Input Agreement 748526-11003</u>
<u>Input Agreement 748526-12001</u>

## <u>FIRST AMENDMENT TO FORBEARANCE AGREEMENT</u>

This First Amendment Forbearance Agreement (the **"Amendment"**) is made and entered into as of June 4, 2024 (the "**Closing Date**"), by and among each of JOSEPH RANDALL ELLER, an unmarried person who is not part of a civil union or domestic partnership ("**R. Eller**"), WESCOR FARM OPERATIONS, LLC f/k/a WESCOR FARMING, LLC, a Virginia limited liability company ("**Wescor**"), each of which is a Borrower under the Loan and Security Documents identified below, on the one hand, and RABO AGRIFINANCE LLC, a Delaware limited liability company ("**RAF**" or "**Rabo**" or "**Lender**"), as the Lender under the Loan and Security Documents identified below, on the other hand. R. Eller and Wescor shall be referred to herein collectively as the **"Loan Parties,"** and individually as a **"Loan Party."** Non-Obligors Grayson Farm & Leasing, Inc., a Virginia corporation, Mountain Top Holding of Virginia/North Carolina, LLC, a Virginia limited liability company, DD&R Land Holdings, LLC, a Virginia limited liability company, NDRD Land Holdings, LLC, a Virginia limited liability company, D&R Land Holdings, LLC, a Virginia limited liability company, and Timber & Logging, LLC., a North Carolina limited liability company (collectively, the "**Grantors**" and separately, a "**Grantor**") join in this Agreement to acknowledge their consent and agreement to the terms contained herein. The Loan Parties, Grantors and RAF shall be referred to herein collectively as the "**Parties**."

## W I T N E S S E T H:

**WHEREAS**, Lender, Loan Parties and Grantors did enter into that certain Forbearance Agreement dated January 22, 2024 (the "**Forbearance Agreement**");

**WHEREAS**, Lender, Loan Parties and Grantors desire to extend, amend and modify the terms of the Forbearance Agreement as set forth herein.

**NOW, THEREFORE,** for and in consideration of the mutual covenants and benefits herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.     All the recitals of the Forbearance Agreement are specifically incorporated herein by reference. Capitalized terms used in this Amendment and not otherwise defined shall have the meanings set forth in the Loan Documents.

2.     Except as amended by this Amendment, the Forbearance Agreement shall continue in full force and effect in accordance with its stated terms and conditions.

3.     In Section 3(B) of the Forbearance Agreement, the date "April 1, 2024" in the last sentence shall be deleted and replaced with the date "December 1, 2024."

*Eller Forbearance Agreement*

4.    Section C of the Forbearance Agreement is amended to add a new subsection 13 as follows:

13.    <u>Payments</u>.

a.    Obligors shall make the following minimum payments in good and sufficient funds to Lender with time being of the essence:

$425,000.00 on or before June 15, 2024
$1,350,000.00 on or before July 1, 2024
$100,000.00 on or before August 1, 2024
$550,000.00 on or before September 1, 2024
$1,450,000.00 on or before October 1, 2024
$890,000.00 on or before November 1, 2024
All remaining principal, interest and fees and charges, including legal fees, on or before December 1, 2024.

b.    Any amount paid to by Lender during a pay period in excess of the minimum payment amount will be applied as a credit toward the minimum payment amount due in the next pay period.

c.    Payments received by Lender will be applied in Lender's discretion.

5.    <u>Release and Waiver of Claims.</u>    THE LOAN PARTIES, JOINTLY AND SEVERALLY, BOTH FOR THEMSELVES AND FOR ALL PERSONS OR ENTITIES CLAIMING BY, THROUGH OR UNDER THEM, HEREBY WAIVE, RELEASE AND FULLY DISCHARGE RAF, AND RAF'S PARENTS, SUBSIDIARIES, AFFILIATES, PREDECESSORS, SUCCESSORS, ASSIGNS, PARTICIPANTS, AGENTS, ATTORNEYS, EMPLOYEES AND REPRESENTATIVES (COLLECTIVELY, THE "**RELEASED PARTIES**") FROM ANY AND ALL MANNER OF CLAIMS, ACTIONS, CAUSES OF ACTION IN LAW OR IN EQUITY, SUITS, DEBTS, LIENS, CONTRACTS, LIABILITIES, CLAIMS, DEMANDS, DAMAGES, LOSSES, FEES, COSTS, EXPENSES, SET OFFS, OR CLAIMS FOR RECOUPMENT, OF ANY NATURE WHATSOEVER, KNOWN OR UNKNOWN, FIXED OR CONTINGENT THAT ANY OF THE LOAN PARTIES HAVE OR MAY HAVE OR CLAIM AGAINST THE RELEASED PARTIES, FROM THE BEGINNING OF TIME TO THE DATE OF EXECUTION OF THIS AMENDMENT, BASED UPON ANY CONDUCT, CLAIMS, ACTIONS OR OMISSIONS OF THE RELEASED PARTIES RELATING OR PERTAINING IN ANY WAY TO THE LOAN, THE LOAN DOCUMENTS, THE RAF INDEBTEDNESS, THE NOTICE, THE NEGOTIATIONS RELATING TO THIS AMENDMENT, OR ANY OTHER ACT OR OMISSION THAT HAS OCCURRED PRIOR TO THE EXECUTION OF THIS AMENDMENT, INCLUDING BUT NOT LIMITED TO ANY AND ALL CLAIMS OR CAUSES OF ACTION FOR USURY, FRAUD, DECEIT, MISREPRESENTATION, UNCONSCIONABILITY, DURESS, LENDER LIABILITY, ANY OTHER CLAIM IN TORT OR CONTRACT OR AT EQUITY, OR FOR VIOLATION OF ANY

LAW, RULE OR REGULATION.

6. _Jury Waiver._ THE LOAN PARTIES HEREBY JOINTLY AND SEVERALLY IRREVOCABLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THE RAF INDEBTEDNESS, THE LOAN, THE LOAN DOCUMENTS, THIS AMENDMENT, OR THE TRANSACTIONS CONTEMPLATED BY THIS AMENDMENT.

7. _Document Understood._ BY THEIR SIGNATURES BELOW, EACH OF THE LOAN PARTIES ACKNOWLEDGES AND AGREES THAT: (A) THIS AMENDMENT CONTAINS A COMPLETE WAIVER AND RELEASE BY EACH OF THE LOAN PARTIES OF CERTAIN CLAIMS AND A WAIVER OF CERTAIN RIGHTS; AND (B) EACH OF THE LOAN PARTIES HAS READ AND UNDERSTOOD THIS AMENDMENT IN ITS ENTIRETY PRIOR TO SIGNING AND FULLY AGREES TO EACH, ALL AND EVERY PROVISION OF THIS AMENDMENT.

8. _Advise of Counsel._ The Parties acknowledge and represent to one another that each has discussed this Amendment with their attorneys and enter into this Amendment voluntarily and under their free will.

9. _Counterparts._ This Agreement may be executed in any number of identical counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original, with all such counterparts taken together constituting one and the same instrument. Delivery by facsimile, encrypted e-mail or e-mail file attachment of any such executed counterpart to this Agreement will be deemed the equivalent of the delivery of the original executed agreement or instrument.

10. _Severability._ This Amendment is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules, and regulations. If any provision of this Amendment, or the application thereof to any person or circumstance, shall be invalid or unenforceable, for any reason and to any extent, the remainder of this Amendment and the application of such provision to other persons or circumstances shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

11. _Time is of the Essence._ Time is of the essence with respect to all provisions of this Amendment.

12. _Modification._ The terms of this Amendment may only be varied by the mutual agreement of the Parties as reflected in writing and duly executed by the Parties or their authorized legal representatives.

13. _Conflict._ To the extent the terms and provisions of the Loan Documents and this Amendment are inconsistent or conflict with the terms and provisions of this Amendment, the terms and provisions of this Amendment shall control.

EXECUTION VERSION

14.    <u>Headings</u>.  The headings and captions used in this Amendment are provided for convenience of reference only and shall not be employed in the construction of this Amendment.

[SIGNATURE PAGE TO FOLLOW]

EXECUTION VERSION

       IN WITNESS WHEREOF, the Parties hereto have duly executed this Amendment as of the date first above written.

**LOAN PARTIES:**

**WESCOR FARMING, LLC**, a Virginia limited liability company

By: _____
Name: Joseph Randall Eller
Title: Sole Member

_____
**JOSEPH RANDALL ELLER**, an individual

**GRANTORS:**

**GRAYSON FARM & LEASING, INC.**

By: _____
Name: Joseph Randall Eller
Title: President

**MOUNTAIN TOP HOLDINGS OF VIRGINIA/NORTH CAROLINA, LLC**, a Virginia limited liability company

By: _____
Name: Joseph Randall Eller
Title: Sole Member

EXECUTION VERSION

**DD&R LAND HOLDINGS, LLC**, a Virginia
limited liability company

By: _____

Name: Joseph Randall Eller

Title: Sole Member

**NDRD LAND HOLDINGS, LLC**, a Virginia
limited liability company

By: _____

Name: Joseph Randall Eller

Title: Sole Member

**D&R LAND HOLDINGS, LLC**, a Virginia
limited liability company

By: _____

Name: Joseph Randall Eller

Title: Sole Member

**TIMBER & LOGGING, LLC.**, a North
Carolina limited liability company

By: _____

Name: Joseph Randall Eller

Title: Manager

DocuSign Envelope ID: 2D4A55D6-3720-4FC3-AB6E-A004976CA2DA

**RAF/LENDER/RABO:**

**RABO AGRIFINANCE LLC,** a Delaware
limited liability company

By: _____

Name: Jeffrey Hanson
Title: Vice President



## Certificate Of Completion

Envelope Id: 2D4A55D637204FC3AB6EA004976CA2DA                    Status: Completed
Subject: Complete with Docusign: ELLER - Rabo - First Amendment to Forbearance Agreeement (Execution Ver...
Source Envelope:
Document Pages: 7                          Signatures: 8                    Envelope Originator:
Certificate Pages: 5                       Initials: 0                      Nick Mirra
AutoNav: Enabled                                                            Woods Rogers Vandeventer Black PLC
EnvelopeId Stamping: Enabled                                                101 W Main St Ste 500
Time Zone: (UTC-05:00) Eastern Time (US & Canada)                          Norfolk, VA  23510
                                                                           nick.mirra@woodsrogers.com
                                                                           IP Address: 24.254.138.201

## Record Tracking

Status: Original                           Holder: Nick Mirra               Location: DocuSign
        6/6/2024 2:44:54 PM                        nick.mirra@woodsrogers.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Joseph Randall Eller<br>randalleller4@gmail.com<br>Member manager member manager<br>Security Level: Email, Account Authentication (None) | *J Randall Eller*<br>7BD0CC417D09468...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 162.247.202.3<br>Signed using mobile | Sent: 6/6/2024 2:50:09 PM<br>Viewed: 6/6/2024 6:00:11 PM<br>Signed: 6/6/2024 6:01:24 PM |

**Electronic Record and Signature Disclosure:**
   Accepted: 6/6/2024 6:00:11 PM
   ID: 1ec71333-2a6a-49e9-82fa-1a08ed36892e

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Marie Tourville<br>Marie.Tourville@wrvblaw.com<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 6/6/2024 2:50:10 PM |

**Electronic Record and Signature Disclosure:**
   Not Offered via DocuSign

| | | |
|---|---|---|
| Michael E. Hastings<br>Michael.Hastings@wrvblaw.com<br>Principal<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 6/6/2024 2:50:10 PM |

**Electronic Record and Signature Disclosure:**
   Accepted: 4/29/2024 12:18:20 PM
   ID: ab75d50c-44d1-4dcc-8866-ff232083c557

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 6/6/2024 2:50:10 PM |
| Certified Delivered | Security Checked | 6/6/2024 6:00:11 PM |
| Signing Complete | Security Checked | 6/6/2024 6:01:24 PM |
| Completed | Security Checked | 6/6/2024 6:01:24 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Vandeventer Black LLP (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

### Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

### Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

### Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

### All notices and disclosures will be sent to you electronically

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Vandeventer Black LLP:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: helpdesk@vanblacklaw.com

**To advise Vandeventer Black LLP of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at helpdesk@vanblacklaw.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Vandeventer Black LLP**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to helpdesk@vanblacklaw.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Vandeventer Black LLP**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to helpdesk@vanblacklaw.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Vandeventer Black LLP as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Vandeventer Black LLP during the course of your relationship with Vandeventer Black LLP.