IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)
Civil Case No. 5:25-cv-00065

| | | |
|---|---|---|
| RABO AGRIFINANCE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESCOR FARM OPERATIONS, LLC | ) | **AFFIDAVIT OF JEFFREY HANSON** |
| f/k/a WESCOR FARMING, LLC; | ) | |
| JOSEPH RANDALL ELLER; DD&R | ) | |
| LAND HOLDINGS, LLC; D&R LAND | ) | |
| HOLDINGS, LLC and ELK CREEK | ) | |
| LAND HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

I, Jeffrey Hanson, being first duly sworn, depose and say as follows:

1.      I am a citizen and resident of the State of South Dakota, above the age of eighteen (18) years old, and not subject to any legal disability.

2.      I am employed by Rabo AgriFinance LLC ("Rabo") as a Vice President and Senior Financial Restructuring Manager, and I am duly authorized to make this affidavit on its behalf.

3.      Defendants Wescor Farming Operations, LLC f/k/a Wescor Farming, LLC ("Wescor") and Joseph Randall Eller ("Eller") operated and managed a row crop farming and cattle operation in northwestern North Carolina and southwestern Virginia.

4.      In my position with Rabo, I have access to the business records regarding Rabo's account for Wescor and Eller.  These records are regular business records of Rabo that are regularly

1

kept and maintained in the regular course of its business activity at or near the time they are created.

5.     I am competent to testify to the matters set forth in this affidavit, which are based on my review of relevant business records and my personal knowledge I have based on my review of such records and from my direct dealings with the Defendants, and Rabo's efforts to collect the indebtedness owed to it by the Defendants.

6.     Pursuant to the Credit Agreement attached to Rabo's complaint in this action as Exhibits 1 and 2 (the "Credit Agreement"), Rabo extended a line of credit to Wescor and Eller (collectively, the "Borrowers") pursuant to the LOC Loan Documents.  Pursuant to the Credit Agreement, Borrowers executed a Facility Sheet (the "Facility Sheet") and an operating line of credit note dated November 18, 2014 in the original principal amount of $10,000,000.00 and subsequently increased to $13,500,000.00 (the "Note").  True and correct copies of the Facility Sheet and Note are attached to the complaint as Exhibits 1-5.

7.     On or about February 27, 2020, Wescor applied for and was granted a line of credit in the amount of $350,000.00 from Plaintiff pursuant to the Application and Account Agreement dated February 27, 2020 (the "Inputs Agreement").  A true and correct copy of the Inputs Agreement is attached to the complaint as Exhibit 6.

8.     The Line of Credit matured on May 1, 2023 and all outstanding principal, interest, fees and charges became immediately due and payable in full.  Furthermore, the Borrowers default under the Inputs Agreement by failing to pay in accordance with its term.

9.     Rabo sent written demand to Wescor and Eller demanding payment of the Loans, but Wescor and Eller failed to pay.

10.     Thereafter, Rabo and Wescor and Eller engaged in extensive discussions spanning several months to address the repayment of the Line of Credit, which resulted in Rabo and

2

WBD (US) 4981-7557-8681v1

Defendants entering into a forbearance agreement dated January 24, 2024 (the "Forbearance Agreement"), a true and correct copy of which is attached to the complaint as Exhibit 8.

11.     Under the terms of the Forbearance Agreement, Rabo agreed to forbear on enforcing its rights and remedies under the Line of Credit and applicable law in exchange for the Defendants agreeing to, among other things, grant liens on real estate owned by the Defendants and to the appointment of a receiver in the event the Defendants default under the Forbearance Agreement.  More specifically, Section 3(B) of the Forbearance Agreement states,

> Furthermore, upon the occurrence of any Event of Termination, which is not cured within five (5) business days following notice to the [Defendants] through its counsel, the [Defendants] agree, consent and waive any objection to or challenge to the appointment of a receiver over Wescor or the Rabo Collateral, but not a receiver for R. Eller, and Rabo may submit this Agreement to any court of competent jurisdiction as evidence and proof of the [Defendants'] agreement, consent and waiver of opposition to the appointment of a receiver, whether general or limited, for Wescor and/or the Rabo Collateral.

12.     This consent provision for the appointment of a receiver under the Forbearance Agreement was a material and significant term upon which Rabo reasonably and wholly relied in deciding to forbear enforcing its rights under the Loan Documents.  But for the Defendants' agreement to this provision in the Forbearance Agreement, Rabo may not have entered into the Forbearance Agreement.

13.     Consistent with the terms of the Forbearance Agreement, Defendants executed certain deeds of trust (collectively, the "Deeds of Trust" and which are attached to the complaint as Exhibits 10-20) to grant Plaintiff a security interest in certain real estate owned by the Defendants as described therein (the "Real Property Collateral"), to wit:

> a.  Deed of Trust, Assignment of Rents and Security Agreement recorded in Book 1882, Page 281 of the Surry County Registry.

b. Deed of Trust, Assignment of Rents and Security Agreement recorded in Book 1402, Page 336 of the Yadkin County Registry.

c. Credit Line Deed of Trust, Assignment of Rents and Security Agreement, Instrument No. 240000406 recorded in Book 1231, Page 924 of the Carroll County Circuit Court.

d. Credit Line Deed of Trust, Assignment of Rents and Security Agreement, Instrument No. 240000199 and recorded in the Patrick County Circuit Court.

e. Credit Line Deed of Trust, Assignment of Rents and Security Agreement, Instrument No. 240000216 recorded in the Grayson County Circuit Court.

f. Credit Line Deed of Trust, Assignment of Rents and Security Agreement, Instrument No. 240000221 recorded in Book 1110, Page 537 of the Smyth County Circuit Court.

g. Credit Line Deed of Trust, Assignment of Rents and Security Agreement, Instrument No. 240000227 recorded in the Floyd County Circuit Court.

h. Supplemental Deed of Trust (Additional Security), Instrument No. 240001082 recorded in the Washington County Circuit Court.

i. Supplemental Deed of Trust (Additional Security), Instrument No. 240000487 recorded in Book 692, Page 937 of the Grayson County Circuit Court.

j. Supplemental Deed of Trust (Additional Security), Instrument No. 240002284, recorded in Book 701, Page 854 of the Grayson County Circuit Court.

A summary of the Real Property Collateral is attached to the complaint as Exhibit 19 attached to the complaint.

14. Similar to the Security Agreement and Forbearance Agreement, the Deeds of Trust also contain express authorizations and agreements by Defendants for the appointment of a receiver over the Real Property Collateral upon default. Section 20 states the following:

> GRANTOR HEREBY WAIVES NOTICE OF THEAPPLICATION FOR, AND CONSENTS TO THE APPOINTMENT OF A RECEIVER, TRUSTEE, LIQUIDATOR OR CONSERVATOR OF THE PROPERTY IN ACCORANCE WITH THE PROVISIONS OF THIS SECTION (WHICH APPOINTMENT OF SUCH POWER OF ATTORNEY IS A POWER COUPLED WITH AN INTEREST); AND AGREES TO NOT

4

OPPOSE SUCH APPOINTMENT.

15.     On or about June 4, 2024, Plaintiff and Defendants entered into a First Amendment to Forbearance Agreement (the "<u>First Amendment</u>") to extend the forbearance period and to set out dates that minimum payments must be made by Defendants to Plaintiff.  A copy of the First Amendment is attached to the complaint as Exhibit 20.

16.     Defendants defaulted under the terms of the First Amendment by failing to timely make the required minimum payments to Plaintiff.

17.     On or about November 13, 2024, Plaintiff provided Defendants with written notice of default (the "<u>Notice of Default</u>") and provided Defendants five (5) days to cure the default required under the Forbearance Agreement.  A true and correct copy of the Notice of Default is attached to the complaint as Exhibit 21.

18.     As of April 2, 2025, the outstanding balance under the Line of Credit was $3,384,904.36 with interest continuing to accrue at the per diem rate of $946.38 from April 2, 2025.

19.     As of March 31, 2025, the outstanding balance under Account 11003 was $267,966.55 with interest continuing to accrue at the per diem rate of $94.49 from April 2, 2025.

20.     As of March 31, 2025, the outstanding balance under Account 11003 was $143,680.06 with interest continuing to accrue at the per diem rate of $52.76 from April 2, 2025.

Further affiant sayeth not.

(Signature Page to follow)

Dated: April 23, 2025

RABO AGRIFINANCE LLC

By: _____

Jeff Hanson, Vice President - LFR

Sworn to and subscribed before me

that Jeff Hanson this the

28th 23rd day of April, 2025.

_____

Notary Public

My commission expires: 1/31/28

RACHEL E. PETRIE-STAHLMANN
Notary Public, State of Minnesota
My Commission Expires
January 31, 2028

6

WBD (US) 4905525-86410